No. 43.—AMBROSE CHAPMAN, plaintiff in error, *vs.* LOUISA J. W. SCHROEDER, defendant in erorr.

[1.] In this State a widow is entitled to dower in the wild and uncultivated lands of which her husband was seized during the coverture, at Common Law, and such of which he may be seized and possessed at the time of his death, under our Statute.

[2.] On the application of a demandant for dower, according to the provisions of the Act of 1824, the owner of the land is such a party in interest as the Statute contemplates shall be notified of the intended application.

[3.] Where the defendant derived his title to the land from the husband of the demandant, who was an alien: *Held,* that the defendant was *estopped* from denying the *seizin* of the husband on that ground.

Chapman *vs.* Schroeder.

[4.] The widow's right of dower is not within the Statute of Limitations of this State, prior to the Act of 1839, nor is it barred by *lapse of time merely*, independent of any other equitable circumstances.

[5.] Where, by an agreement between the attorney of the demandant for dower and the defendant, to dismiss the application on payment of the costs by the latter, and the same was dismissed: *Held*, to be no settlement of the case, but that the dismissal of the application left the parties in the Court as it found them in respect to the claim of dower.

[6.] The claim of a demandant to dower, is a *legal* claim, and if she has a *legal title* to dower in the lot of land, whether the defendant purchased with or without notice, for a valuable consideration, does not in the least affect or impair that legal title.

[7.] The proper time to raise the objection to the manner and extent of the assignment of dower in land, is when· the return of the assigement of dower is made to the Court, as provided in the 4th section of the Act of 1824.

[8.] To entitle a demandant for dower to recover according to the Common Law, three facts must be established by the evidence: the marriage of the wife to the alleged husband, the seizin of the land by the husband during the coverture, and the death of the husband.

Application for dower, in Monroe Superior Court. Heard before Judge STARK, March Term, 1851.

The defendant in error, as the widow of John A. Schroeder, filed her application in Monroe Superior Court, to have her dower assigned her in a lot of land lying in Monroe County, and granted by the State of Georgia to the said John A. Schroeder, on the 6th day of June, 1822, and by him conveyed, on the same day, to the plaintiff in error.

The application was traversed on the following grounds:

1st. Because John A. Schroeder being an alien, was never seized of the land out of which the demandant claims dower.

2d. Because said land was wild and uncultivated at the time it was sold by the said John A. Schroeder to this defendant, and not dowable.

3d. Because the claim of demandant is stale and not entitled to consideration in a Court of Justice, on account of lapse of time, and the demandant's abandonment of it and neglect to prosecute it.

4th. Because no notice has been given to the representatives of the estate of the said John A. Schroeder, and if there be no representative, the demandant cannot proceed until one be made.

5th. Because heretofore, to wit: on the —— day of——in year 1828, after this defendant had been notified that application would be made by the said Louisa J. W. Schroeder, at the next Superior Court of said County of Monroe, for her dower in this same land, it was at said Court agreed by and between this defendant and the counsel for the said Louisa J. W. Schroeder, to settle said claim of demandant for dower in and to the land mentioned in her present petition, by this defendant paying the cost which had accrued in the prosecution of her pretended claim, which this defendant then and there paid, and the same was accepted by her counsel in full thereof, and the further prosecution of said claim was then abandoned, and this defendant has remained in the peaceable and uninterrupted enjoyment of said land from thence until the——day of——when he received notice of this intended application.

6th. Because this defendant is a purchaser without notice, for a valuable consideration, and has been in adverse possession of said land for twenty-seven years, since the death of the said John A. Schroeder, and uninterrupted adverse possession for twenty-two years.

7th. Because he says that the said supposed cause of action in the demandant's petition mentioned, did not accrue to the said Louisa W. Schroeder, within seven years before the exhibiting of the petition of the said Louisa W. in this behalf.

After issue joined, the demandant's counsel moved to strike out the 2d and 4th grounds, which motion was granted, and counsel for defendant excepted.

Evidence was submitted which proved the marriage of the demandant with John A. Schroeder, in the City of Charleston, S. C. in the month of October, 1816, and that Schroeder died in the year 1823, in the City of Savannah; also the plat and grant for the lot of land, from the State of Georgia, to John A. Schroder, was given in evidence. An exemplification from the

City Court of the City of Charleston, was offered in evidence, for the purpose of proving that the said Schroeder had been naturalized according to the laws of the United States, to which defendant's counsel objected on several grounds, which the judgment of this Court renders it unnecessary to specify.

The deed from Schroeder to the defendant was given in evidence, dated on the 6th day of June, 1822. It appeared from the evidence of Washington Poe, Esq. that in 1828 he was counsel for the demandant, in an application for dower in this same land, and finding that he must fail to succeed, he agreed with Chapman, if he would pay the cost he would *dismiss* the *petition*, which agreement was carried out.

Among other things, the Court charged the Jury, " that their verdict would depend upon three facts—the marriage of the wife to the alleged husband, the seizure of the husband during coverture, and his death. Was the demandant married to the grantee ? Was the grantee seized of the land at any time during the coverture ? Is the husband dead ? If these questions are answered in the affirmative by the evidence, the demandant is entitled to a verdict; that the demandant's right of dower was not barred by either lapse of time or the Statute of Limitations; that the dismissal of the former suit by Washington Poe, Esq. did not operate as a release of her right of dower."

To which counsel for defendant excepted, and upon these exceptions have assigned error.

PINKARD & KING, represented by HALL, for plaintiff.

McDONALD, represented by RICE, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

This is an application for dower under the law as it existed *prior* to the enactment of the Statute of 1826, limiting the wife's right to dower in such lands of which her husband *died seized* and *possessed*, and such as the husband acquired by his intermarriage with the wife. The tract of land in which the demandant

claims dower, was drawn by John A. Schroeder, in the land lottery of this State, granted to him on the 6th day of June, 1822, and on the same day conveyed by him to Ambrose Chapman, the defendant.

On the trial of the cause in the Court below, several questions were made, which are now before this Court by writ of error, and we shall notice them in the order in which they appear in the record.

[1.] The first question made and decided in the Court below upon which error is assigned is, that the Court sustained the demurrer of the demandant, to the second and fourth objections taken in the defendant's traverse. The first ground taken in the traverse is, that the widow is not dowable in this State of wild and uncultivated lands. The demurrer to this ground was properly sustained. Whatever may have been the rule of the Common Law in England in regard to this question, (if such was the rule there as is contended for,) it was not properly adapted to the circumstances of the people of this State, and, therefore, was not adopted by the Act of 1784. *Prince,* 570.

As early as 1760, the Legislature of this State passed an Act providing in what manner the wife should relinquish her dower, in *all* conveyances of lands and tenements. *Prince,* 159. At that time most of the lands in the State were wild and uncultivated, and yet the Legislature seem to have acted upon the idea that if the wife did not relinquish her dower in and to the lands conveyed by her husband, she would be entitled to demand it, as well in *wild, uncultivated* lands, as any other. The reason given in some of the cases why the widow was not dowable in England of wild uncultivated lands is, that the land would be wholly useless to her if she did not improve it, and if she did, she would expose herself to disputes with the heir, and to forfeiture of the estate for waste.

In the early settlement of this State, when the Legislature adopted such portions of the Common and Statute Laws of England, *properly adapted to the circumstances* of the inhabitants thereof, it would hardly have been considered such *waste* on the part of a widow, who *improved* wild and uncultivated land, as to

work a *forfeiture* of her estate. The great object at that day, and for a long time afterwards, was to have the wild and uncultivated lands of the State, *improved and cultivated.* It was a part of the *fixed policy* of the State, and the Land Lottery Act under which the husband of the demandant drew the lot of land in controversy, affords the evidence of it.

The fourth ground demurred to was, that no *notice* had been given to the legal representatives of Schroeder, and if there was no such legal representative, the demandant could not proceed until one be made. This ground of demurrer was also properly sustained by the Court below. The only interest which the representatives of Schroeder can have in this controversy is, in regard to the claim which the defendant may have against them on the covenant of warranty contained in his deed; but that is a matter between *him* and *them*, with which the demandant has no concern. If the defendant has not thought proper to give them notice, or there is no legal representative of his estate, then this judgment will not affect his estate.

The present or future representatives of Schroeder's estate, will not be *concluded* by the judgment which may be rendered between the parties now before the Court, *without notice.* The demandant is seeking her *remedy* against the defendant, under the Act of 1824. *Prince,* 459. That Act provides, that persons applying for dower, shall give to *all the parties in interest* twenty days' notice of their intended application.

[2.] The defendant is *the owner* of the land to which the demandant claims dower, and is *the party in interest,* who the Statute contemplates shall be notified.

The next objection taken is, that John A. Schroeder, the husband of the demandant, was an *alien,* and never *seized* of the land to which the demandant claims her dower.

[3.] The defendant, as we have already seen, derives his title to the land by deed from John A. Schroeder, the demandant's late husband; both parties claim title to the land from the same source. The Common Law principle applicable to such a state of facts, is stated by Chief Justice *Kent,* in *Hitchcock vs. Harrington,* (6 *John. Rep.* 293,) on the authority of *Taylor's Case,* 34

*Elizabeth,* to be, that if a tenant at will or for years, makes a feoffment in fee and dies, and his wife brings dower against the feoffee, the latter cannot plead *that the husband was not seized.* The same principle was again recognized by the Court, in *Collins vs. Tony,* (7 *John. Rep.* 282.) In *Davis vs. Daffow,* (12 *Wend.* ☞ *Rep.* 65,) the same principle was applied to the widow of an *alien* claiming dower in lands conveyed by her husband.

The Court in that case held, that the widow of an alien was entitled to recover dower in lands against a party whose title was derived from her husband, although the husband, at the time he took a conveyance of the land, was not entitled to take and hold *real estate.* The defendant here deriving his title to the land from Schroeder, the husband of the demandant, is now *estopped* from denying the *seizure* of the husband on the ground that he was an alien. This view of the question makes it unnecessary for us to notice the objections made to the record of naturalization from the City Court of Charleston.

[4.] The next objection taken, as appears from the record is, that the demandant's claim to dower is stale and barred by lapse of time; that the widow's claim of dower is not within the Statute of Limitations, prior to the Act of 1839, we think is very clear. 4 *Kent's Com.* 70. *Wakeman and Wife vs. Roache,* *Dudley's Rep.* 123, *and cases there cited.* Nor have we been able to find any case in which she has been held to be barred by *lapse of time merely,* independent of other equitable circumstances. The widow, in respect to her claim of dower, is considered as being in possession of the lands assigned to her by her husband; her estate is a continuation of her husband's; and upon the assignment of her dower, in legal contemplation, she is in from the death of her husband. 4 *Kent's Com.* 66. The widow cannot maintain an action to recover her dower before assignment. The mere possession of the heir or *feoffee,* can never become a bar to the title of the wife. *Park on Dower,* 335. This view of this branch of the case necessarily disposes of the 7th ground, which is in regard to the Statute of Limitations of seven years.

[5.] The next ground that we will notice is, the pretended settlement made in the year 1828. Washington Poe, Esq. states

"that he had made an application for dower, as the attorney of demandant, and finding he could not get along, and not receiving any answer from his client, he agreed with Chapman, the defendant, in 1828, to dismiss the case, if he would pay the costs, which he did, and the case was dismissed; says he had no authority from the demandant to dismiss the case, only the *implied* authority when the client will not pay the cost, to quit the case."

This was no *settlement* of the case, which would operate as a bar to the demandant's right of dower, either in Law or Equity. She received no *equivalent* for her right of dower in the land; besides the case was not *settled*, it was merely *dismissed*, which left the rights of the parties in the Court as it found them, in respect to the claim of dower.

[6.] The next ground of error insisted on is, that the defendant was a purchaser for a valuable consideration *without notice*. The claim of demandant to dower is a *legal* claim, and if she has a legal title to dower in the lot of land, whether the defendant purchased it with or without *notice*, does not in the least affect or impair that legal title. This ground of error was properly overruled by the Court below.

[7.] The Court did not err in its charge to the Jury, when it stated, "that the question then before the Court, was not how and in what manner or to what extent the demandant should be endowed; that the question then was as to her *right of dower* to the lot of land in controversy. How and to what extent the demandant shall be endowed, is another matter, which may be looked to hereafter. The 4th section of the Act of 1824, provides, that when the return is made, the persons interested may show probable matter in bar of the confirmation of such assignment, or that the *applicant is not entitled to so much as hath been assigned*, in which case the Court shall permit an issue to be made up and tried by a Special Jury. *Prince*, 459. The proper time to raise the objection as to the manner or extent of the assignment of dower to the demandant in and to the lot of land in question, will be when the return of the assignment of dower shall be made to the Court, as prescribed by the Statute.

[8.] The Court did not err in charging the Jury, that their verdict would depend on three facts—the *marriage* of the wife to the alleged husband, the *seizin* of the land by the husband *during coverture*, and *his death.* If these questions, said the Court to the Jury, " shall be answered in the affirmative by the evidence, the demandant is entitled to a verdict;" and such, in our judgment, is the law of the case.  2 *Bl. Com.* 129.

Let the judgment of the Court below be affirmed.