LEE *et al.* v. HUMPHRIES *et al.*

124    539
130    354

1. When in an action of ejectment the defendant is a bona fide possessor under a claim of right, the mesne profits are to be assessed upon the value of the property as it stood when the defendant's title accrued, and the plaintiff is prohibited from recovering as mesne profits the increase of income resulting from improvements made by the defendant in good faith.
2. When a jury returns a verdict which is incomplete on account of a failure to embrace therein a finding on a material issue, it is not error for the court to call the attention of the jury to the fact and require them to return to their room and complete the verdict.
3. The evidence authorized the verdict, and no sufficient reason has been shown for granting a new trial.

Argued November 27,—Decided December 22, 1905.

Complaint for land. Before Judge Felton. Bibb superior court. June 1, 1905.

Thomas Lee and Sarah Sheffield brought suit against Charlotte Humphries and others, for a certain described tract of land and mesne profits. The jury returned the following verdict: "We, the

jury, find for the plaintiffs the land and mesne profits $3.00 per annum for rent of land. We find for defendant the value of the improvements, $188.50. April 21, '05. J. R. Bowdre, Foreman." Whereupon the judge immediately ordered the jury to return to their room and make a verdict in accordance with the form given in his charge; and the jury retired and returned the following verdict: "We, the jury, find for the plaintiffs the premises in dispute. We find the value of the lands to be $100. We find the value of the improvements to be $175.00. We find the mesne profits per year to be $3.00, offset by taxes. April 21st, '05. J. R. Bowdre, Foreman." To this verdict the plaintiffs objected, and moved the court to set it aside; but the motion was overruled, and it was ordered that the verdict be recorded. The plaintiffs moved for a new trial, upon the general grounds and because of the following charge of the court: "The plaintiffs concede that the defendants put the improvements upon the land in good faith. I charge you that in considering the question of mesne profits, that you can not find for the plaintiffs against the defendants the mesne profits arising by virtue of the increased value of the premises for renting purposes by reason of any improvements put thereon by the defendants; and in determining the amount of mesne profits you are not authorized to find for the plaintiffs the mesne profits based upon the value of the land as improved by the defendant, but only such mesne profits as represent the value of the premises for rent without the improvements made by defendant." To the judgment overruling the motion for a new trial, and to the action of the court in ordering the jury to find the second verdict and ordering that it be recorded, the plaintiffs excepted.

*M. G. Bayne,* for plaintiffs.    *Steed & Ryals,* for defendants.

COBB, P. J. The charge of the court excepted to correctly set forth the law governing the recovery of mesne profits in an action where the defendant is a bona fide possessor under a claim of right. In estimating mesne profits in such a case the basis must be the rental value of the land without the improvements placed thereon by the defendant. In the case of *Dean v. Feely,* 69 *Ga.* 822, this court approved the following from Sedgwick & Wait on Trial of Title to Land: "The principle of law which prohibits the true owner from recovering as mesne profits the increase of income re-

sulting from improvements made by the occupant is manifestly just and equitable. It can not be said that the additional profits are taken from the owner's land; on the contrary they spring from practically an independent source. While it is true that the improvements pass to the owner by a recovery in ejectment, yet they are the property of the occupant until set off against mesne profits, or, in some States, until after their value is ascertained and the occupant's lien upon the land therefor is satisfied." See also *Beverly* v. *Burke,* 9 *Ga.* 440. The act of 1897 changed the law with regard to the recovery of mesne profits, to the extent that in the event the improvement exceeded the sum total of mesne profits found for the plaintiff, the excess might be set off against the value of the land itself; but what constitutes mesne profits, and the method of arriving at what should be allowed as mesne profits, were not affected by that act.

2. The first verdict of the jury rendered in this case did not cover the issues. The act of 1897 distinctly provides that the verdict shall embrace a finding as to the value of the land. Acts 1897, p. 80. It was therefore the duty of the court to order the jury to retire and make their verdict conform to the law. *Jordan* v. *Downs,* 118 *Ga.* 546.

3. The foregoing disposes of all of the special assignments of error. There was no specific complaint against that portion of the verdict which reduced the mesne profits by the amount of taxes paid by the defendant, nor is there anything in the brief of counsel for plaintiffs in error on this subject. We express no opinion as to whether this was a proper reduction; but see, in this connection, *Clewis* v. *Hartman,* 71 *Ga.* 813, *Austell* v. *Swann,* 74 *Ga.* 281, and *Tripp* v. *Fausett,* 94 *Ga.* 330 (3). The evidence, though conflicting, was sufficient to authorize the verdict, and we see no reason for reversing the judgment.

*Judgment affirmed. All the Justices concur.*