## NORRIS *v.* RICHARDSON.

1. Erroneous admission of evidence will not require the grant of a new trial, where the judge in his instructions eliminated the issue in support of which the evidence was admitted, and where it appeared that the evidence was not prejudicial to the complaining party upon the remaining issues in the case.

2. Where in an action for land the defendant pleaded that he was in possession of the land bona fide under adverse claim of title, and prayed that he be allowed to set off the value of all permanent improvements placed thereon by himself, under the Civil Code (1910), § 5587, an instruction, " In general, good faith means without notice, as well as for a valuable consideration. It does not mean that the purchaser must have made every possible search to discover whether or not his title was bad," is not subject to the criticism that it is contrary to the statute and strongly in favor of the defendant.

3. Where in an action for land the defendant is bona fide in possession under adverse claim of title, the mesne profits are to be assessed upon the value of the property as it stood when the defendant's title accrued, and the plaintiff is prohibited from recovering as mesne profits the increase of income resulting from the improvements made by the defendant in good faith.

4. The evidence authorized the verdict, and no sufficient reason has been shown for granting a new trial.

No. 1899. JANUARY 14, 1921.

Complaint for land. Before Judge Littlejohn. Macon superior court. January 8, 1920.

*J. J. Bull & Son,* for plaintiff.

*Jule Felton* and *R. L. Greer,* for defendant.

GEORGE, J. E. H. Norris brought suit in Macon superior court against Dr. C. H. Richardson, to recover one third undivided interest in a lot in the city of Montezuma. The plaintiff claimed title as an heir at law of his mother, Mrs. Nannie L. Norris, who died seized and possessed of the land. The defendant filed an

answer alleging that he purchased the lot at a tax sale, in good faith and for value, and that he in good faith placed certain improvements upon the land. He alleged that the value of the permanent improvements at the time of the trial exceeded the mesne profits, and prayed for a judgment for the amount of the excess of the value of the improvements over the mesne profits, as provided by the act approved December 21, 1897. (Civil Code of 1910, § 5587). On the trial of the case the court instructed the jury to return a verdict for the plaintiff for one third undivided interest in the land, and submitted the issue as to mesne profits and the value of the improvements to the jury. The jury in its verdict fixed the value of the land at $750, the amount of the mesne profits at $72, and the value of the improvements placed upon the land by the defendant at $2250. Upon this verdict a judgment and decree, as provided by the act of 1897 and as prayed by the defendant, was entered. The plaintiff made a motion for new trial, which was overruled, and he excepted.

1. In the first special ground of the motion for new trial error is assigned upon the admission in evidence of a mortgage executed by Nannie L. Norris to J. E. DeVaughn on the lot in controversy. The defendant prayed that the plaintiff be required to account to him for one third of the sum of money paid by him in discharge of the mortgage. In his charge to the jury the court eliminated this issue, and instructed the jury that the defendant was not entitled to the recovery as prayed. In another ground of the motion error is assigned upon the admission in evidence of the sheriff's deed under which the defendant claimed. Upon the issue of title the court directed a verdict in favor of the plaintiff. If it to be conceded that both the mortgage and the deed were inadmissible, the foregoing rulings of the court rendered their admission harmless.

2. Error is assigned upon the following charge of the court to the jury: " In general, good faith means without notice as well as for a valuable consideration. It does not mean that the purchaser must have made every possible search to discover whether or not his title was bad." The charge excepted to related to the claim of the defendant that he was in possession of the land bona fide under adverse claim of title, and that he had placed thereon permanent improvements. It is insisted that the charge

is contrary to the statute and strongly in favor of the defendant. In *Murchison* v. *Green,* 128 *Ga.* 339, 345 (57 S. E. 709, 11 L. R. A. (N. S.) 702), it was said that as the defendant in that case " could not in any sense be treated as a purchaser for value," he could not claim the benefit of the act of 1897. Even if the act limits the right to claim its benefits to purchasers for value (which we do not rule — cf. *Hicks* v. *Webb,* 127 *Ga.* 170, 173, 56 S. E. 307), the court specifically instructed the jury that the purchaser must have purchased without notice " as well as for a valuable consideration." Nor can the language of the act be construed to limit the right to claim its benefits to a purchaser who has " made every possible search to discover whether or not his title was bad." Under the act, the good faith of the purchaser, or the defendant who has possession, is not necessarily destroyed by error of judgment or the failure to exercise all possible diligence. The charge given was not " strongly in favor of the defendant." It was perhaps more favorable to the plaintiff than he was entitled to have under the statute.

3. Error is assigned upon the following charge of the court: " Now, in fixing that rent, it is not to be fixed by the present status of the property as it stands to-day, but it is to be fixed at the rate, under the evidence, that the jury finds to be the rental value of the property as it was prior to the placing upon that property of any improvements by Dr. Richardson. You are to determine from the facts the condition of that property before Dr. Richardson had ever placed any improvements upon it himself, and what would be the rental value of that property in that condition; eliminating and not to include the improvements he had put on it, but the property without these improvements." This charge was applied to the contention of the defendant that he was bona fide in possession of the land under adverse claim of title, and that he had placed permanent improvements thereon in good faith. Thus applied, the charge correctly set forth the law governing the recovery of mesne profits. In such cases mesne profits must be estimated upon the rental value of the land without the improvements placed thereon by the defendant bona fide in possession thereof. The rule is well established. *Lee* v. *Humphries,* 124 *Ga.* 539 (52 S. E. 1007).

4. Neither do the remaining assignments of error upon the charge of the court and upon the refusal of the court to instruct the jury as requested show cause for reversal, nor are they of such character as to require discussion. The evidence authorized the verdict.          *Judgment affirmed. All the Justices concur.*