## WINN *v.* RAINEY *et al.,* executors.

1. "Where, in an action for land, the defendant is bona fide in possession under adverse claim of title, the mesne profits are to be assessed upon the value of the property as it stood when the defendant's title accrued, and the plaintiff is prohibited from recovering as mesne profits the increase of income resulting from the improvements made by the defendant in good faith."

2. The court erred in failing to charge the principles just stated, and in overruling the motion for new trial.

No. 2750. June 16, 1922.

41

Complaint for land.  Before Judge Eve.  Turner superior court. June 29, 1921.

*Hal Lawson* and *Edwin A. Rogers,* for plaintiff in error.

*J. A. Comer* and *Crum & Jones,* contra.

HILL, J.  D. C. Rainey and J. M. Rainey, as executors of the last will and testament of D. L. Rainey, brought an action against Mrs. Charlie Winn for the recovery of a certain tract of land alleged to belong to the plaintiffs as executors, and rents, issues, and profits thereof.  The defendant filed her answer in which she averred that the suit was one merely to recover land where there is a disputed boundary line; that in good faith she made upon the land in controversy certain permanent improvements of which the plaintiffs will get the benefit in the event that there be a recovery. The permanent improvements were a house having two rooms of the alleged value of $500, certain wire and rail fencing of the value of $75, and clearing the land of stumps from five acres, of the value of $50.  Defendant averred that the mesne profits of the lands involved, excepting for the improvements placed thereon by her, amount to nothing, and that the value of the land for which the plaintiffs sue is $200; and she prayed that in the event of a verdict for the plaintiffs the jury find the value of the land, the value of the permanent improvements, and the amount of the mesne profits, giving to plaintiffs the alternative right to recover the premises subject to the payment to the defendant of the excess of the value of the improvements over the mesne profits within such time as may be fixed by the court, and, in the event plaintiffs fail to do so, the defendant have the right to pay the value of the land and the mesne profits to the plaintiffs within such time as the court may decree.  Defendant also prayed that the true line between the two lots of land be set up and established by the decree of the court to be the original line, which is averred to be a continuation of a straight line of the dividing line between lots 223 and 234.  On the trial of the case the jury returned a verdict " in favor of the plaintiffs, and the plaintiffs pay to the defendant $125 for improvements."  A motion for new trial was made on various grounds, which was overruled, and the defendant excepted.

The grounds of the motion for new trial, except those here dealt with, are without merit.  Complaint is made, in grounds 11 and 12 of the motion, of the failure of the court to charge the jury

that the plaintiffs were not entitled to recover mesne profits against the defendant for the use of the permanent improvements which the defendant made upon the land in controversy in good faith. It is argued that this was error, because it was averred by the defendant, and the evidence showed, that the greater portion of the value of the use of the premises in controversy was by reason of the improvements placed by her upon the property; and it is further insisted that the failure to so charge was error in view of the fact that there was evidence as to the value of the use of the property exclusive of the improvements. It is furthermore insisted that the verdict is void in that it fails to find any value of the permanent improvements which were made by the defendant upon the lands in controversy, and fails to find the value of the land, and fails to find the amount of mesne profits, if any, that the defendant is due to the plaintiffs upon recovery by the plaintiffs. There is no merit in the contention that the jury failed to find the value of the permanent improvements which were made by the defendant; for the verdict expressly finds $125 for improvements. It is true the verdict fails to find expressly the value of the land in dispute. Section 5587 of the Civil Code of 1910 provides that a bona fide holder of land may set off the value of permanent improvements, etc., and § 5588 provides that the verdict mentioned in the preceding section shall also find *the value of the land itself at the time of the trial,* and shall give the plaintiff the alternative right to have a recovery of the premises, subject to the payment to the defendant of such excess of value of improvements over mesne profits, the payment to be made by the plaintiff to the defendant within such time as may be fixed by the court in the decree, etc. The jury should have been instructed, and should have found a verdict, if the evidence authorized it, in accordance with the above-stated rule. The jury should also have been instructed that if they found the land in controversy for the plaintiffs under the evidence, they should also find what the land was worth without improvements for rent; and if the improvements, which were made by the defendant in possession in good faith, exceeded the rent, they should deduct the rent from the improvements, and the result would be the amount they should find against the plaintiff for improvements. The court failed to instruct the jury this principle anywhere in his general charge, and

a failure so to do will cause a reversal of the case. It is well settled in this State that mesne profits must be based upon the rental value of the land without any improvements placed thereon by the defendant who is in bona fide possession thereof.

In the case of *Norris* v. *Richardson,* 151 *Ga.* 31 (3) (105 S. E. 493), it was held: " Where, in an action for land, the defendant is bona fide in possession under adverse claim of title, the mesne profits are to be assessed upon the value of the property as it stood when the defendant's title accrued, and the plaintiff is prohibited from recovering as mesne profits the increase of income resulting from the improvements made by the defendant in good faith." It was error, under the evidence, not to charge the above principle. And see *Lee* v. *Humphries,* 124 *Ga.* 539 (52 S. E. 1007).

*Judgment reversed. All the Justices concur.*