### LUCAS, executrix, v. BROCK.

ATKINSON, J. 1. The amendment to the defendant's answer alleged a lawful agreement between the plaintiff and the defendant, based upon a sufficient consideration; and upon full performance by the defendant the contract would be taken out of the statute of frauds, and was one that a court of equity will compel the plaintiff to specifically perform. *Mathews* v. *Starr*, 68 *Ga.* 521; *Board of Education of Glynn County* v. *Day*, 128 *Ga.* 156, 162 (57 S. E. 359), and cases cited. The court did not err in allowing the amendment.

2. The court did not err in the admission of evidence, as is complained of in a number of the grounds of the motion for new trial, for any of the reasons assigned; such evidence being relevant and material as tending to support the allegations of the amendment to the answer, seeking specific performance of the contract.

3. The several grounds of the motion for new trial, assigning error upon the charge of the court as to the contentions of the defendant on the issues relating to the matter of specific performance of the contract, are without merit, as the excerpts from the charge on which error is assigned were in accordance with the contentions of the defendant, and authorized by the pleadings and evidence, and not erroneous for any reason assigned.

4. The omission of the court to charge more elaborately on the contentions of the plaintiff, in the absence of a timely written request, affords no cause for a reversal of the judgment refusing a new trial.

5. The evidence was sufficient to support the verdict for the defendant, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 2767. SEPTEMBER 15, 1922.

Complaint for land. Before Judge Irwin. Haralson superior court. June 15, 1921.

In an action of complaint for land the plaintiff claimed to have

derived his title through the defendant; and the petition alleged that the plaintiff claimed under a described deed absolute in form, and executed directly to him by the defendant on July 1, 1907. By amendment to her answer the defendant alleged: that on July 1, 1907, she executed to the plaintiff a deed to the premises in dispute, and on the same day executed to him another deed to a brick storehouse and lot in the City of Tallapoosa; that said deeds, though absolute in form, were made to secure a loan of $1000, made by plaintiff to her on said date; that she remained in possession of both pieces of property; that the dwelling-house and lot was free from encumbrances; that said storehouse and lot was encumbered by a security deed of $1000, made to the Georgia Loan and Trust Company by S. C. Littlefield, and also by a mortgage of $540, made by said Littlefield to the Armour Fertilizer Company; that said storehouse and lot was worth $3000 at the time of said loan by the plaintiff to her; that both pieces of property had materially increased in value since that time; that from said loan of $1000 made by plaintiff to her a mortgage of $540, payable to the Armour Fertilizer Company, was paid off, leaving on said storehouse and lot the incumbrance of $1000 in favor of the Georgia Loan and Trust Company; that an agreement was entered into by plaintiff and defendant, by which, for the purpose of perfecting the title, said storehouse and lot should be sold at public outcry under the power of sale contained in the deed from Littlefield to the Georgia Loan and Trust Company, that said storehouse and lot should be bought in by the plaintiff at such sale, and that he should take a deed from said company to himself as purchaser, the plaintiff to take and have such storehouse and lot as absolute owner under the deed to the Georgia Loan and Trust Company and the said deed made to him on July 1, 1907; that in consideration plaintiff agreed to make to the defendant a deed of reconveyance to the premises in dispute; that plaintiff bought in said storehouse and lot and obtained a deed thereto from the Georgia Loan and Trust Company; that it was supposed that the Georgia Loan and Trust Company would not bid more than the amount of its debt on said storehouse and lot, but, if higher bids were made by any one, it was agreed between them that plaintiff would continue to bid and buy said storehouse and lot in any event, the overplus, after pay-

ing for the debt of the Georgia Loan and Trust Company, to go to him instead of this defendant, so that in no event would plaintiff be required to pay more than the amount of said mortgage; that while the advertisement of the sale of said property under said power of sale was running, plaintiff and defendant's husband went to Buchanan, Georgia, and saw the attorney for the Georgia Loan and Trust Company, and ascertained the exact amount of principal and interest due on said mortgage, together with cost and advertising fees, which amounted to $1132, and further ascertained from said attorney that said company would not bid more than said amount for said storehouse and lot; that thereupon plaintiff and defendant's said husband acting as her agent notified said attorney that they had arranged to buy in said property, and that the first bid would be for that amount; that while said advertisement was running, several people asked this defendant about said sale, and stated their intentions to bid, and were informed by her that they need not do so, as the matter had been arranged, whereupon none of such persons attended said sale; that said storehouse and lot was bid in by the plaintiff; that defendant fully complied with her part of said agreement allowing said storehouse and lot to be sold, and permitted plaintiff to buy in the same at said sale, he being the only bidder, for the sum of $1132; that the Georgia Loan and Trust Company made a deed to plaintiff as such purchaser, and he at once took possession of said storehouse and lot and has ever since had possession thereof; but notwithstanding said agreement the plaintiff has utterly refused to execute to her a reconveyance of said dwelling-house as he agreed to do, but claims to have bought said storehouse and lot for said sum of $1132, and that the defendant still owes him the said sum of $1000 and interest. The answer as amended prayed for a decree of cancellation of the deed, on the ground that the debt for which it was a security had been fully discharged, and that the plaintiff be not allowed to prevail in his action which was brought to recover the land.

*Griffith & Matthews,* for plaintiff.

*Lloyd Thomas* and *Price Edwards,* for defendant.