Cook, administrator, *et al., v.* Powell.

Hines, J. 1. · The petition in this case sets forth a cause of action, and was good against the general demurrers. The contract between Powell and Cook was founded on a sufficient consideration, was not illegal, and will be enforced in a court of equity. *Rives* v. *Lawrence,* 41 *Ga.* 283; *Moye* v. *Clarke,* 69 *Ga.* 750; *Board of Education* v.. *Day,* 128 *Ga.* 156 (4), 162 (57 S. E. 359); *Carr* v. *Graham,* 128 *Ga.* 622 (57 S. E. 875); *Lucas* v. *Brock,* 154 *Ga.* 172 (113 S. E. 804).

2. The special demurrer of Cook to paragraph five of the petition is·without merit. This paragraph undertook to set out the terms of an agreement, and to accomplish this purpose it was not necessary ·for the pleader to attach a copy of a suit therein referred to but not made a part of the agreement. This paragraph is not indefinite and uncertain as to the terms of the alleged contract. A declaration need not show that the contract sued on was in writing, though required by statute to be. *Draper* v. *Macon Dry Goods Co.,* 103 *Ga.* 661 (30 S. E. 566, 68 Am. St. R. 136).

3. Cook demurred specially to the fifth and sixth paragraphs of the petition, because they failed to set out any right of action against him, and because a copy of the paper therein referred to was not attached to the petition. Under the ruling in the first headnote the first ground of this demurrer is without merit. Failure to attach a copy of the paper therein referred to was explained in the petition by a showing that this paper had never been recorded and was not in the possession of the pleader.

4. The entire petition is not subject to the special demurrer of Cook on the grounds, (1) that it does not state sufficient facts to constitute a legal fraud upon the plaintiff, (2) because there is a misjoinder of parties defendant, and (3) because no definite contract is set out.

5. The general and special demurrers of the other defendants are without merit.

6. In the first and second grounds of the amendment to his motion for new trial the defendant alleges that the court below erred in refusing written requests to give in charge to the jury certain instructions to the effect that he was not chargeable with mesne profits and rent arising from the increased rental value of the land, due to improvements put thereon by him. This principle was not applicable under the facts of this case. While this principle is applicable under certain circumstances (*Lee* v. *Humphries,* 124 *Ga.* 539, 52 S. E. 1007; *Norris* v. *Richardson,* 151 *Ga.* 31, 105 S. E. 493; *Winn* v. *Rainey,* 153 *Ga.* 641,

113 S. E. 8), under the plaintiff's theory the defendant did not hold this land adversely to him, but under an agreement by which plaintiff had the right to redeem these premises upon payment to Cook of the amount of money, with interest thereon, which the latter paid at his instance and request to take up an incumbrance placed thereon by him, and from which he had the right to redeem the same by paying to the holder the amount of such incumbrance. Cook was liable for the actual rents and profits derived by him from the land. *Page* v. *Blackshear,* 78 *Ga.* 597 (3 S. E. 423); *Polhill* v. *Brown,* 84 *Ga.* 338 (10) (10 S. E. 921); *Coates* v. *Jones,* 142 *Ga.* 237 (82 S. E. 649); *Jones* v. *Laramore,* 149 *Ga.* 825 (102 S. E. 526). Under the agreement which the plaintiff set up, the defendant was to apply the rents first to the payment of taxes and costs of repairs, and the balance to the discharge of the amount which the defendant had paid to the Bank of Kestler for the plaintiff to redeem these premises from that bank. It follows under the above ruling that the trial judge did not err in refusing these instructions.

7. The defendant, in the third ground of the amendment to his motion for new trial, alleges that the court erred in refusing a timely written request to give to the jury the following: "I charge you that if you should believe from the evidence, either oral or documentary, that the plaintiff in this case swapped the land in question to J. W. Bailey, for lot of land No. 235 in the 12th land district of Miller County, Georgia, and if you should further believe from the testimony in the case, either oral or documentary, that after the alleged swap, if the evidence discloses such, that Powell took possession of lot No. 235 in the 12th district of Miller County, Georgia, and if it should appear from the testimony in the case that Bailey sold the land now in question to a man by the name of Kelley, and if it should further appear from the evidence in the case that after this time in which it is claimed that the swap was consummated that Bailey brought a suit against H. C. Powell to recover from him lot of land No. 235 in the 12th land district of Miller County, Georgia, and if you should further find from the testimony that that suit was tried in the proper court or courts of this State, and a verdict and judgment was rendered in the case in favor of H. C. Powell and against J. W. Bailey and sustaining Powell's defense, then I charge you, if those facts have been made to appear from the testimony in the case, that is to say either oral or documentary evidence, that the plaintiff would not be entitled to recover in this case." The court did not err in refusing to give to the jury the instruction embraced in this request. Election of remedies was not involved. The defendant could not set up outstanding title in a third person to defeat plaintiff's right of redemption under the contract between these parties, if such contract was in fact made.

8. In the fourth ground the defendant Cook complains that the court erred in permitting the plaintiff, over his objection, to testify that he had never disclaimed or stated that he did not have a right to redeem and take up this land. Counsel for the defendant objected to the admission of this evidence, on the ground that it was irrelevant and immaterial. This objection was without merit; and even if the testimony had been irrelevant, its admission was not of such a harmful

nature as to require the grant of a new trial. In his ruling upon the admission of this testimony the trial judge did not express any opinion upon the evidence.

9. In the fifth ground the defendant alleges that the court erred in refusing to exclude the evidence of John Hightower, a witness for the plaintiff, to the effect that he had an understanding with Powell that he was to buy in the land for Powell, and that Powell was to redeem it and take it up. Movant moved to exclude this testimony, upon the ground that the defendant was not present and had nothing to do with it; and. upon the further ground that it happened upon the day of the sale of the land, that it was hearsay, and was a declaration made by the plaintiff in his own behalf and not in the presence of Cook. These objections were without merit. Proof of this understanding was essential to explain the history of the transaction, and to show the bank's willingness for plaintiff to redeem this land, and the circumstances under which the Bank of Kestler conveyed this land to the defendant.

10. In the sixth ground of this amendment the defendant Cook insists that the court erred in not excluding, on his motion, the testimony of the witness J. W. Bailey, to the effect that a certain deed was made for the purpose of getting a clear title in Cook from various parties that Powell owed, in order that Powell could secure Cook for a certain amount of money. The grounds of the motion to exclude were, that this testimony varied the terms and conditions of the deed itself, and that it was irrelevant and immaterial. The terms and conditions of the deed not being set out, it is impossible for this court to determine whether this testimony varied the same or not. For the same reason it is impossible for this court to say whether the testimony was irrelevant or not.

11. In the seventh ground the defendant Cook complains that the court erred in excluding, when offered by him, a deed dated December 23, 1914, from C. H. Cross to plaintiff, conveying 100 acres of land, more or less, in the form of a parallelogram, and on the north side of lot No. 143, also 100-1/2 acres of land, more or less, on the south side of lot of land No. 144, which is fully described in this ground. This was a warranty deed. The court excluded the same upon the ground that it was irrelevant. We think this ruling was correct. Moreover, it appears from the recitals in this matter that counsel for the defendant admitted the irrelevancy of this paper. Furthermore, if this ruling was erroneous, it was harmless, as the defendant got this proof in another form before the jury.

12. In the eighth ground the defendant Cook asserts that the court erred in excluding, when offered by him, a tax fi. fa. issued by the tax-collector of Miller County, against H. C. Powell, for $18.69 principal, and interest, for State and county taxes for the year 1907, with the entry of levy thereon on February 7, 1908, upon personalty; and the transfer of this fi. fa. to the defendant Cook by the tax-collector of Miller County, dated April 23, 1908. The transfer of this execution by the tax-collector was illegal and void. Civil Code (1910), § 1145; Acts 1915, p. 11; 8 Park's Ann. Code Supp. (1922), § 1225; *Thompson*

v. *Adams,* 157 *Ga.* 42 (1-*a*) (120 S. E. 529). It follows that the court did not err in ruling out this testimony.

13. In the ninth ground the defendant Cook asserts that the court erred in excluding from the jury a statement of the rents received by him from the premises in dispute, the same being prepared by one C. H. Cook, who testified that he had prepared it himself from his books, but knew that it was correct, independently of the books. In the tenth ground the defendant complains that the court erred in excluding from the jury a statement of the amounts paid out for repairs on the land in dispute, the statement having been identified by C. H. Cook as being correct, who testified that, although taken from his books, he knew that it was correct, independently of the books. These statements being based upon the books, such books should have been produced, proved, and submitted in the usual way. *Crawford* v. *Stetson,* 51 *Ga.* 120. It follows that the court did not err in rejecting these statements. Besides, the court permitted the witness to testify as to all rents received by the defendant from this land, and as to amounts expended by him in making repairs and in the payment of taxes.

14. In the eleventh, twelfth, and thirteenth grounds the defendant alleges that the court erred in not charging the jury, without requests, that (11) if this land was sold for taxes, and was bought in by one Bailey at the tax sale, and Bailey conveyed the same to the defendant, Cook, then the plaintiff could not recover; (12). that if the plaintiff, prior to the agreement between him and Cook, swapped the land in dispute to Bailey for other land, and if each went into the possession of the land received under the exchange, and each sold the land received by him to third persons, then the plaintiff could not recover, for the reason that if plaintiff elected to claim the land received by him under the exchange, he would be estopped from maintaining the present suit; and (13) that if the jury believed that the above exchange of lands was consummated, though no deeds were made, if the plaintiff took possession of the land which he got under this exchange, and Bailey afterwards brought suit against plaintiff to recover the land which he received under the swap, and in defense of this suit plaintiff set up that he had swapped the land in dispute to Bailey for the land which he got under said swap, and if this suit resulted in a verdict and judgment in favor of plaintiff, and Bailey was forced under such judgment to convey to the plaintiff the land which he got in such exchange, then that such swap divested the title of plaintiff to the land in dispute, and plaintiff would be estopped to maintain this suit. The trial judge did not err in omitting to give the above instructions to the jury. This court has held that a grantor or one who joins in a conveyance is estopped by his deed to deny that he had title at the time of the grant. *Hall* v. *Davis,* 73 *Ga.* 101. So a grantee is estopped to deny the seizin of the grantor. *Chapman* v. *Schroeder,* 10 *Ga.* 321; *Harris* v. *Amoskeag Lumber Co.,* 101 *Ga.* 641, 644 (29 S. E. 302). When Cook acquired title to this land, in which Powell had an equitable title or right, under an agreement between them, by which the holder of the legal title was to and did convey the land to Cook upon his payment of the amount due by Powell to the holder of the legal title, and by which Powell should have the right to redeem

the land by paying to Cook the amount so paid out for Powell in order to put the legal title in Cook, the latter is estopped from denying the title of Powell to this land and from referring his possession to rights acquired under a conveyance by a third party to him. Cook is estopped from denying the effect of this agreement if it was in fact made, and can not subsequently claim adversely thereto under a title acquired since the making of the agreement. See *Parker* v. *Jones*, 57 *Ga.* 204.

15. Under the ruling in the last paragraph, the court did not err in failing to give the instructions which the defendant in the fourteenth and fifteenth grounds of his motion for new trial claims that the court should have given to the jury.

16. In the sixteenth and seventeenth grounds the defendant complains that the court erred in not charging the jury, without any request to do so, that if they should believe from the evidence that plaintiff entered into the agreement with Cook which the former seeks to enforce in this proceeding, and in pursuance of such agreement procured the bank to convey to Cook the land in dispute for the purpose of delaying, hindering, or defrauding his creditors, the plaintiff would not be entitled to recover. This issue not being raised by the pleadings and the evidence, the court, in the absence of a timely written request, did not err in omitting to give to the jury an instruction thereon. *City of Atlanta* v. *Blackman Health Resort*, 153 *Ga.* 499 (4) (113 S. E. 545). Properly construed, there was no evidence upon which to base this instruction.

17. In the absence of timely written requests, the court did not err in failing to charge the jury that the burden was upon the plaintiff to show that there was a certain and definite contract between him and the defendant Cook, and that the burden was upon the plaintiff to prove the contract beyond a reasonable doubt. This disposes of the eighteenth and nineteenth grounds of the motion for new trial.

18. The court did not err in its instruction to the jury as to the form of their verdict, as complained of in the 20th ground of the motion for new trial.

19. In view of the ruling made in the sixth paragraph above, the court did not err in giving the instruction of which the movant complains in the twenty-first ground of the motion for new trial.

20. In the twenty-second ground of the motion for new trial the defendant Cook complains of the form of decree. A motion for new trial is not an available remedy for reviewing an exception to the form of a decree. *Vickers* v. *Robinson*, 157 *Ga.* 731 (7) (122 S. E. 405).

21. The other special grounds of the motion for new trial are without merit; and there is evidence to support the verdict.

                      *Judgment affirmed. All the Justices concur.*

             No. 4905.   AUGUST 14, 1925.

Equitable petition. Before Judge Yeomans. Miller superior court. May 9, 1925.

H. C. Powell filed his petition against James Cook, John Hightower, and the Bank of Kestler, and made these allegations: (2)

Hightower and the Bank of Kestler are made parties defendant purely for the purpose of showing their consent to the charges herein specified, and no judgment of any kind is asked against either. (3) On December 28, 1906, petitioner was the owner of land lot 118, and 158 acres of land lot 97, in the twelfth district of Baker County, containing 408 acres, more or less. On said date petitioner executed and delivered to said bank a deed to said land to secure the payment of a note and indebtedness of $350. Said note is lost or destroyed. The due date thereof is unknown to petitioner, but it fell due some time in 1907. (4) When said note fell due the bank regularly advertised said property for sale. Petitioner saw John Hightower, the president of said bank, who agreed to buy in said property for petitioner. Hightower, either for himself or for the bank, bid in said land for an amount not in excess of the indebtedness of petitioner on said note. (5) Petitioner, not being well acquainted with Hightower, but being on very friendly terms with and having the utmost confidence in Cook, approached Cook relative to said transaction and offer of Hightower, and stated to Cook that he desired him to take over said property for him and let him pay Cook the amount that might be due after the termination of certain litigation with Bailey, petitioner at that time being engaged in a lawsuit with Bailey, of Miller County. Petitioner and Cook made this agreement: that Cook would go to Hightower and take up the indebtedness due by petitioner; that Cook would enter into possession of said land, which possession was to be the possession of petitioner; that Cook was to keep the taxes paid on said premises and repairs made thereon, and was to pay the taxes and repairs from the rents received from the land, and after paying the taxes and repairs Cook was to credit the remainder received from the rents on the principal and interest due by petitioner to Cook in taking up said amount from Hightower. Cook told petitioner that he would see Hightower and have Hightower make the paper to him, which paper was to express the contract and agreement above specified; and Cook assured petitioner that he would have the paper so drawn as to protect petitioner's interests and enable petitioner to recover the land upon the payment of the indebtedness. (6) Acting upon said agreement Cook and Hightower met at the Bank of Colquitt, in Miller County, and had prepared a paper

which petitioner supposed to be in accordance with the contract and agreement which petitioner had made with Cook, and during the time they were preparing said paper, petitioner not being present, Cook and Hightower came to petitioner and asked petitioner relative to paying Hightower the expense to which Hightower had been placed in handling the former indebtedness. Hightower stated to petitioner that he could not compel petitioner to pay said expense, but petitioner stated that he wanted to pay that, and instructed Cook to include said expense in the amount Cook was advancing for petitioner. (7) Petitioner is unable to read or write, while Cook is a shrewd, intelligent business man. (8) Immediately after said paper was drawn Cook assured petitioner that said paper expressed the contract and agreement entered into by petitioner and him. (9) Including the expenses of Hightower the total amount paid by Cook was less than $500. (10) At that time this land was worth more than $4,000. (11) After the termination of the litigation with Bailey, petitioner went to Cook and offered to pay Cook whatever amount might then be due, said litigation terminating during the year 1915. At the time of this offer Cook induced petitioner to wait, by stating that the panic was on, and that if petitioner had any money he had better keep it to live on, that he (Cook) was not pressed for money, and that everything would be all right at a later time. (12) A short time thereafter petitioner, becoming a little suspicious, took one Moore and went with him to Cook, and again tendered to Cook any amount of money that might be due. At that time Cook stated to petitioner that petitioner owed him nothing, and that he owed petitioner nothing. (13) Petitioner shortly began to make an investigation, and had the records of Baker County examined with a view of learning the contents of the contract or paper executed by Hightower, or by Hightower for the Bank of Kestler, to Cook. Petitioner is informed and believes that said paper has not been placed upon record. (14) Petitioner is informed and believes that Cook fraudulently had executed to himself by Hightower, or by Hightower for the bank, a plain deed to said premises, and has fraudulently kept said deed from the records. (15) About a year after the agreement above referred to, and the execution of the paper from Hightower to Cook, Ehrlich & Company of Bainbridge secured a judgment against petitioner for about $410. Peti-

tioner went to Cook and asked him to take up said indebtedness, and to include it in the indebtedness of petitioner to Cook on the land. Cook agreed to do this, and did take up and pay said judgment. (16) For the past eight years Cook has received as rental from said land eight bales of cotton annually, of the value of $50 per bale, which would make the sum of $3,200 which Cook has received from the rents of said land. The taxes and repairs on said land would not exceed $1500. The remaining $1700 would more than pay all of the indebtedness thereon of petitioner to Cook. (17) If Cook received from Hightower a plain deed to said land, the same was received as the result of fraud in its procurement, such fraud being described as set out in the preceding paragraphs of the petition. Petitioner would not have consented to a conveyance that was to be other than a mortgage or security deed and that would not have expressed the contract and agreement entered into by petitioner and Cook. Cook represented to petitioner that he would have the contract or paper drawn in accordance with the contract made and entered into; and relying upon and having confidence in Cook, and being unable to read or write, petitioner supposed that the contract was drawn as agreed upon. He discovered said fraud on July 1, 1919. (18) To the best of his information and belief Cook has a straight deed made by Hightower to himself; and petitioner alleges that if such be the case the same was a mistake as well as fraud, and arose from ignorance and misplaced confidence upon his part and imposition upon the part of Cook. (19) He has no adequate remedy at law. He prays that Cook be required to produce in court, for the purpose of inspection and reformation, the deed executed by Hightower, or by Hightower for the Bank of Kestler, to Cook to these premises; that such paper or deed be so reformed as to speak the truth of the agreement entered into by petitioner with Cook; that if for any reason the court can not reform the contract or deed, the same be brought into court and canceled and declared null and void; that the court declare all indebtedness as originally due by petitioner to Cook settled, that petitioner have judgment against Cook for such sum in excess of the indebtedness as Cook may have received as rents from said land that was not consumed as taxes and expenses; that Cook be required to account for all moneys received by him as rents from said land; that if it be shown that

the rents are insufficient to cancel said indebtedness, and the security deed is not canceled by the court, judgment be rendered against petitioner for the amount of excess indebtedness, and the same be declared a lien on said land, and that said land be ordered sold to pay said indebtedness and the remainder go to petitioner, with the privilege granted to petitioner of settling said indebtedness, said settlement to act as a cancellation of any right or claim of Cook under any paper held by Hightower or said bank to said premises; that petitioner's contract with Cook be specifically performed; that petitioner have such other and further relief as to the court may seem meet and proper.

Cook demurred to the petition, on the grounds, (1) that it set forth no legal cause of action; (2) that it set forth no equitable cause of action; (3) that there is no equity in the petition; (4) that the allegations of the petition do not entitle plaintiff to the relief prayed. He demurred specially to the fifth paragraph, because it failed to put him on notice as to what kind of litigation plaintiff was in with Bailey, and because a copy of said suit was not attached to the petition. He demurred specially to paragraph five, because it is indefinite and uncertain as to the terms and conditions of the alleged contract, because it fails to allege it was in writing, and because said paragraph is wholly indefinite. He demurred specially to the fifth and sixth paragraphs, because they fail to set out any right of action against the defendant, and because a copy of the paper therein referred to is not attached to the petition. He demurred specially to the entire petition, for the reason that it does not state sufficient facts to constitute a legal fraud upon the plaintiff, because there is a misjoinder of parties defendant, and because no definite contract is set out. Hightower and the Bank of Kestler each demurred to the petition generally, upon substantially the same grounds as Cook did. They demurred specially to the fourth paragraph, because it is indefinite and does not place them upon notice as to whether the plaintiff undertakes to charge and allege that he made his trade with Hightower or whether he made a contract with the bank, and because he fails to allege who bought the land referred to therein, and because he fails to show any length of time when Hightower would carry the debt, how much the debt was, or when it was to become due. They demurred specially to the fifth, sixth, seventh, eighth, ninth, tenth,

eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, and eighteenth paragraphs, because they fail to set forth any cause of action whatever against them. They demurred specially to the entire petition, for the reason that it wholly fails to set out any cause of action whatever against them, and for the reason that there is a misjoinder of parties defendant and causes of action. They demurred specially to said petition, for the reason that there is no privity of contract between the bank and Hightower and the plaintiff, and because it nowhere sets forth any cause of action, either joint or several, against these defendants. The trial judge overruled the demurrers. To these judgments the defendants excepted pendente lite, and assigned error thereon.

In his answer Cook denied the allegations of the petition on which the plaintiff bases his right to recover. He further alleged that the plaintiff was estopped from claiming any title, right, or interest in the land in dispute, by reason of the fact that Powell had executed to the Bank of Kestler his deed to secure debt, with power of sale, that the bank had exercised said power of sale and bought in said land when it was sold thereunder, and had conveyed the same to him. In January, 1906, plaintiff swapped to J. W. Bailey the land in dispute for lot 235 in the twelfth district of Miller County. They did not make deeds to each other. Bailey took possession of the land in dispute, and Powell took possession of said lot 235. On January 12, 1906, Bailey sold the land in dispute to J. W. Kelley for $2160, and Kelley immediately took possession thereof. In 1911 Bailey filed suit in Miller superior court to recover from Powell lot 235. In answer to said suit Powell set up said exchange of land, and also set up that Bailey was to give him $350 to boot. He prayed for judgment against Bailey for that sum with interest, and further prayed that the title to lot 235 be decreed in him, and that Bailey be required to make title to him. In his plea Powell alleged that he relinquished all right to the premises in dispute. This case was tried on April 30, 1913, and the jury returned a verdict in favor of Powell for said lot. Judgment was rendered on said verdict, and Bailey was required to execute a deed to Powell to said lot, which he did. Thereafter Bailey conveyed the premises in dispute to the defendant Cook. Cook prayed that Powell be re-

quired to execute a deed to this land to Bailey, and, if this could not be done, that he be required to make a deed to him.

The case proceeded to trial before the jury. Powell introduced evidence tending to establish his case. He introduced the quit-claim deed from the Bank of Kestler, dated April 24, 1907, to himself to the land in dispute. This deed was recorded January 9, 1920. Cook introduced evidence tending to establish the allegations of his answer. He introduced in evidence a deed from H. C. Powell to H. B. Ehrlich & Company, dated November 12, 1897, recorded November 15, 1897. This deed conveyed land lot 137 in the twelfth district of Baker County. He also introduced an equitable proceeding brought by Ehrlich & Company against H. C. Powell, the Bank of Kestler, and others, in which plaintiff sought to reform the last-mentioned deed so as to make it embrace land lots 118 and 97, with the verdict and decree thereon granting the relief prayed. Cook also introduced a quitclaim deed from H. B. Ehrlich & Company to himself, conveying land lots 118 and 97 in the twelfth district of Baker County. This deed was recorded January 9, 1920. Cook also introduced a mortgage from H. C. Powell to himself, dated April 3, 1906, to secure the sum of $125, which embraced the north side of land lot 235 of the twelfth district of Miller County; also a warranty deed from H. C. Powell to C. H. Cross, dated December 23, 1914, recorded January 12, 1915, to land lot 235; also the declaration in the ejectment suit of J. W. Bailey against H. C. Powell, seeking to recover land lot 235, together with the answer of Powell thereto, with the verdict and judgment thereon, the motion for new trial, the judgment overruling the same, the bill of exceptions sued out to said judgment, and the judgment of the Supreme Court affirming the same. Cook introduced a deed from J. W. Bailey to H. C. Powell, dated September 23, 1914, to land lot 235; deed from J. W. Bailey to James Cook, dated February 21, 1908, embracing the land in dispute. This deed recites it is understood by both parties that Bailey is conveying only such interest as he has in said property under and by virtue of a sheriff's deed based upon a tax sale. Cook also introduced a warranty deed from H. C. Powell to Cook Brothers & Company, dated February 16, 1905, for an alleged consideration of $559.81, conveying the land in dispute. This deed was given as collateral security for said sum.

It was recorded on February 20, 1905. Cook also introduced a deed from Cook Brothers & Company to himself, dated October 18, 1924, reciting a consideration of $559.81, and embracing the land in dispute. This deed recites that said sum was paid to the maker's in January, 1907, by James Cook.

C. H. Cook testified for the defendant that said sum was paid by James Cook to Cook Brothers & Company. Powell never did pay any part of this sum. That James Cook went into possession of this land in 1908. He also testified as to the amount of rents received by James Cook from the premises in dispute, and the amount of improvements put there by him.

The jury found for the plaintiff, and that Powell was indebted to Cook in the sum of $1223.80. The defendants moved for a new trial on the general grounds, and by amendment added various special grounds. The court overruled the motion, and to this judgment the defendants excepted.

*W. I. Geer* and *Peter Z. Geer,* for plaintiffs in error.
*Harrell & Custer* and *P. D. Rich,* contra.