Hardin *vs.* Johnston.

E. J. HARDIN, plaintiff in error, *vs.* E. M. JOHNSTON, defendant in error.

1. A verdict for $60.00 principal, interest and costs, means, in effect, $60.00 principal, with interest and costs, and the court may order it corrected so as to read "with interest and costs."

2. The surety to a joint and several promissory note, is not discharged because in a suit against the principal the justice gave judgment for the principal, especially if the bearer of the note consulted the surety before trading for it, and when he sued the principal relied on the surety's promise to attend to the suit—especially as it did not appear but that the judgment was only a dismissal of the case.

Verdict. Amendment. Principal and Security. Joint and several contracts. Before Judge UNDERWOOD. Floyd Superior Court. July Term, 1876.

Reported in the opinion.

WRIGHT & FEATHERSTON, for plaintiff in error.

No appearance for defendant.

JACKSON, Judge.

Johnston sued Hardin as one of the makers of a joint and several promissory note in a justice court. The justice gave judgment for Johnston, and the case was carried by appeal to the superior court. The jury found a verdict for "sixty dollars, principal, interest and costs." The next day the court granted an order amending the verdict by inserting the word "with," so that it should read $60.00, principal, *with* interest and costs. It was in proof that Hardin was security only, and that the principal had been sued and judgment had for him in a justice court, but what sort of judgment, whether of dismissal, or otherwise, did not appear. Johnston also testified that he consulted Hardin before he traded for the note, and was told by Hardin that it was good, and that when he sued the principal Hardin was to attend to the case.

A motion was made for a new trial, and two points are

made and insisted on here : first, that the court erred in correcting the verdict; second, that the judgment for the principal released the surety.

We think, under the facts here, neither point is well taken.

1. The verdict could not have well meant that sixty dollars should cover *costs* as well as principal and interest; but we think it meant just what the order of the court below, in amending it, made plainer, to-wit : that it meant sixty dollars principal, with interest and costs besides.

2. The judgment for the principal, without more, did not release the surety under these facts. We do not know what sort of a judgment it was. We suppose, probably, the case was dismissed for want of prosecution. At all events, Johnston swore that Hardin, the surety, was to attend to it, and that on his recommendation he had bought the note. We see no error in overruling the motion for a new trial, and the judgment is affirmed.