VAN LEONARD, trustee, for use, *vs.* THE EAGLE AND PHŒNIX MANUFACTURING COMPANY.

1. Where divers lots of land, described by numbers, are levied upon and claimed, and a single issue, embracing the whole property, is made up and tried, is the issue fully covered and disposed of by a verdict which finds certain numbers subject to the execution, but fails to find certain other numbers either subject or not subject? *Quaere.*

2. Where, on such a verdict, the plaintiff in *fi. fa.* enters up judgment against the claimant for costs, and that the execution proceed against the lots found subject, making no objection to the verdict, no motion to set it aside, and no motion for a new trial, and where no judgment is rendered dismissing the levy as to the other lots or declaring them not subject, the only judgment being that entered by the plaintiff in his own favor, he is to be deemed to have accepted and adopted the verdict, the same being requisite to uphold the judgment which he has signed thereon; which judgment, if not already enforced, may be enforced at his pleasure. He cannot maintain a writ of error to correct alleged errors of the court in admitting evidence, in charging the jury, and in refusing to charge as requested, there being no judgment to reverse except that in his own favor.

Verdict. Claim. Judgments. Practice in the Supreme Court. January Term, 1878.

Report unnecessary.

R. J. MOSES; BLANDFORD & GARRARD, for plaintiff in error.

PEABODY & BRANNON; JAMES JOHNSON, for defendant.

BLECKLEY, Judge.

1. The finding of the jury, in so far as it was express, was wholly in the plaintiff's favor. The levy embraced many city lots, all described by their proper numbers, and the plaintiff and the claimant were at issue as to whether they were subject or not subject. The issue was as comprehensive as the levy—the parties having made up a single issue involving the whole property. The verdict of the jury was silent as to some of the numbers, and in the plaintiff's favor as to the rest. Possibly, a correct construction of such a verdict would be, that so much of the issue as was not found for the plaintiff was, by implication, found against him. That such was the intention of the jury is in a high degree probable. Still, there is room for doubt whether the verdict covered the whole issue; and if it did not, it would seem that the cause is yet pending as to the part not covered. In

strictly correct practice, the verdict ought not to have been received; and perhaps it would not have been, if either party had objected. There are decided cases tending to show that in so far as it was silent, there was no finding' for or against either party. 8 *Ga.*, 201; 17 *Ib.*, 361.

2. The plaintiff made no objection to the verdict, no motion to set it aside, and no motion for a new trial. On the contrary, he accepted the verdict, and adopted it as available for his purpose. Upon it, he entered up a judgment against the claimant for costs, and that the execution proceed against the lots found subject. There has been no judgment rendered dismissing the levy as to the other lots, or declaring them not subject. Thus, the only judgment in the case, is the one entered up by the plaintiff in his own favor; and to uphold that judgment the verdict is requisite. It may be that he has already taken the fruits of the judgment. If he has not, there appears to be no obstacle to his doing so, whenever he shall think proper to enforce it. With no judgment to reverse except that voluntarily entered by himself in his own favor, the plaintiff now brings his writ of error, the object of which is to correct alleged errors of the court in admitting evidence, in charging the jury, and in refusing to charge as requested, on the trial. Perhaps, if he had made a motion for a new trial, and that had been overruled, his signing judgment on the verdict would not have precluded him from maintaining a writ of error; for then he would have had something to reverse besides a judgment in his own favor. But as it is, he has acquiesced in the verdict, and appropriated it, so to speak, to his use. He is not in a situation to prosecute a writ of error; and the motion to dismiss the writ must prevail.

Writ of error dismissed.