## JORDAN *v.* DOWNS *et al.*

1. Where an equitable petition is filed by wards for the purpose of tracing trust funds which their guardian wrongfully invested in certain land, and the prayer of the petition is for the recovery of the land, an amendment striking this prayer and substituting therefor a prayer for an accounting and for a money judgment with a special lien on the land does not set up a new and distinct cause of action.

2. Where on the trial of a case in equity certain questions are propounded to the jury to be answered, and the jury returns a verdict which is in some respects indefinite, it is not error for the court of its own motion to ask the jurors just what they mean by their answers, and to suggest that they make a certain answer more explicit.

3. A ground of a motion for a new trial containing excerpts from the charge of the judge, and complaining that the judge charged more fully the details of the contentions of the opposite party than of the movant, is not well founded when it appears that the judge charged fully the defenses made by the pleas and evidence of the movant.

4. The evidence warranted the verdict, and there was no abuse of discretion in refusing a new trial.

Argued July 15, — Decided August 13, 1903.

Equitable petition. Before Judge Evans. Washington superior court. January 3, 1903.

*Hardwick & Hyman* and *Rawlings & Howard*, for plaintiff in error. *Evans & Evans*, contra.

SIMMONS, C. J.    The record discloses that in January, 1887, Downs was appointed guardian for his three minor children.    He received as their guardian about $300 at one time and $80 at another.    This money he invested in a mercantile partnership with his brother.    After continuing this business for a time, the partnership was dissolved, and he received $500 in the settlement as his share of the net assets of the firm.    He invested this money, which he stated was his children's, in a farm.    Subsequently he exchanged this farm for another, and had the deed to the latter made to his second wife, who was not the mother of the children. Downs died, and his wife sold the land to Jordan, who bought with full notice that the trust funds had been invested in the land and that the children claimed it.    One of the children, attaining majority, instituted suit, in his own behalf and as next friend of his minor brothers, against Jordan.    The petition as originally filed set up the above facts, claimed title to the land, and prayed that the plaintiffs might recover the same.    By amendment this prayer was stricken, and in lieu thereof was inserted a prayer that the court ascertain the amount due the plaintiffs, and that they have a judgment therefor with a special lien upon the land.    On the trial of the case the court submitted certain questions to be answered by the jury.    The answers returned were somewhat indefinite in one particular, and, when the verdict was returned, the judge discovered this, and interrogated the jurors as to the meaning of certain of their answers.    Having ascertained their intention, he directed the jurors to make one of the answers more explicit.    They did so, and the verdict was then received and a decree entered thereon. The defendant, being dissatisfied with the verdict, moved for a new trial.    The motion was overruled, and he excepted.

1.    When the plaintiffs offered the amendment changing the prayer of the petition, the defendant objected.    The objections were overruled, and he filed exceptions pendente lite, on which error was assigned in the bill of exceptions.    The objection made to the amendment was that it made a new and distinct cause of ac-

tion. We think there was no error in overruling this objection. The cause of action was the wrongful investment of the plaintiffs' money in the land. The amendment did not affect this, but was simply a prayer for another form of relief or recovery thereon. The first prayer was for the recovery of the land itself. That was stricken, and in its place the amendment substituted a prayer for the recovery of the money. The only change was to indicate an election to take a money verdict rather than the land. This did not affect the defendant's defenses or constitute a new cause of action. As to what does or does not constitute a new cause of action, see the opinion of Cobb, J., in the well-considered case of *McCandless* v. *Inland Acid Co.*, 115 *Ga.* 968.

2. One of the grounds of the motion for new trial complained that the judge erred in receiving the verdict in the manner set out in the motion and indicated in the above statement of facts. We think that it is not only the right but the duty of the trial judge, when a verdict as returned is ambiguous or indefinite, to call the attention of the jury to the faults of the verdict, ask them what they mean by the verdict or answers returned, and, upon ascertaining what is meant, to direct them to return to their room and correct the verdict so as to make it speak their meaning. A judge has supervision of the whole case, and is not merely a figurehead to sit by and see injustice done or to allow the reception of an ambiguous and indefinite verdict which is likely to give rise to more litigation or to result in another long and weary trial. In this particular case we approve the conduct of the judge, and think that nothing which he said in the colloquy between him and the jury had the least tendency to indicate to the jury what he thought of the case.

3. Complaint was also made in the motion for new trial, that the judge charged the details of the plaintiffs' contentions with much greater particularity than he did the defenses and contentions of the defendant. Certain excerpts from the charge are set out to illustrate this. There was nothing wrong in the statement of the plaintiffs' contentions, nor was any error alleged therein, but it was claimed that the judge failed to set out properly the defendant's contentions. An examination of the charge shows that the judge fully stated the defenses and went fully into the defendant's claims. He stated fully the contentions set up in the answer and made by

the defendant's evidence.    The defendant's real defense was that
the money of the plaintiffs had not been invested in the land, or
that, if it had been, he had no notice of that fact before he pur-
chased.    We think the judge fully covered these defenses in his
charge to the jury.

4. One of the grounds of the motion complained that the ver-
dict was " for an amount absolutely unauthorized or unsupported by
the evidence or any part thereof."    This ground is insufficient to
raise the question, which was argued, as to whether the pleadings
are sufficient to sustain a verdict for the amount found by the jury.
This question will, therefore, not be passed upon.    The evidence
was sufficient to authorize the verdict for the amount found, and
the trial judge did not abuse his discretion in refusing a new trial.

*Judgment affirmed.    By five Justices.*