SMITH *v.* PILCHER.

Where, upon a suit on a note for $1,000 principal, providing for interest and 10 per cent. of principal and interest as attorney's fees, given for the purchase-money of a tract of land, a bond for title to which was given by the payee of the note to the maker thereof when the note was executed, the defendant pleaded an abatement in the purchase-price, and alleged and proved, that a house (estimated by the witnesses on the trial to have been worth from $125 to $400) on the land was destroyed by fire, without his fault and before he was given possession of the property, or the maturity of the note, and that before the suit was commenced he tendered $700 principal, besides interest thereon, to the plaintiff, who refused it, and defendant admitted that a notice as required by law had been given him by the plaintiff for the purpose of collecting such attorney's fees, *Held:*

(1) No error was committed by the court in refusing to receive from the jury the following finding, offered as their verdict: "We find the value of the house to be $140 and find in favor of the tender," or in requiring the jury to retire, under proper instructions, to render another finding as their verdict, as the two findings returned were inconsistent and the issues made by the pleadings and evidence were not covered thereby.

(2) When the jury offered for the second time a finding as their verdict, upon the court being reminded that he failed to charge the jury with reference to attorney's fees, there was no error in refusing to receive such finding as their verdict, which was as follows: "We, the jury, find for the plaintiff $941.30," or in requiring the jury to retire again to render another finding, with instructions that the plaintiff would be entitled to recover 10 per cent. of principal and interest as attorney's fees if the jury found that the defendant, at the time the tender was made, owed the plaintiff more than the amount tendered.

(3) Proof of the tender refused by the plaintiff before the suit was commenced did not destroy the plaintiff's right to recover 10 per cent. of principal and interest as attorney's fees on the amount of the verdict, as the jury found that the defendant owed, at the time of the tender, more than the amount tendered.

(4) When testimony is offered for one party, and counsel for the opposite party states, "I do not think that is admissible," without stating any grounds of objection, he can not complain that the court committed error in admitting the testimony.

(5) The evidence warranted the verdict, and no good reason appears for disturbing the judgment of the court below in refusing a new trial.

Submitted January 14, — Decided March 25, 1908.

Complaint. Before Judge Gober. Forsyth superior court. May 8, 1907.

*Brooke & Henderson,* for plaintiff in error.

*H. L. Patterson,* contra.

HOLDEN, J. Pilcher, the defendant in error, brought suit against Smith, the plaintiff in error, for the principal, interest, and attorney's fees due on a note dated August 5, 1905, due December 26, 1905, for $1,000 principal, providing for interest from maturity at the rate of 8 per cent. per annum and 10 per cent. on principal and interest as attorney's fees in case of collection by suit. Pilcher alleged, in his petition, that he had given to Smith a notice in writing, 10 days before the suit was brought, of his intention to bring the suit, and of the term of the court to which the suit would be brought, in accordance with the act of the General Assembly of Georgia, approved December 12, 1900. The defendant, in his answer, admitted, that the notice was given as alleged, and that he gave the note sued on, which was for the pur-

chase-money of a certain lot of land, but alleged and proved, that
at the time of the execution of the note Pilcher executed and
delivered to him a bond for titles in the usual form, and that prior
to the delivery of possession of the property to him the dwelling-
house thereon was destroyed by fire. Smith prayed for an abate-
ment of the purchase-price. Upon the trial of the case evidence
was introduced by witnesses estimating the value of the house at
various amounts ranging from $125 to $400. Verdict was ren-
dered in favor of the defendant in error; and to the order of the
court overruling a motion for a new trial the plaintiff in error
excepted, and brings the case to this court for review.

1. Upon the trial of the case, the jury returned the following
finding: "We, the jury, find the value of the house to be $140,
and we find in favor of the tender." The court sent the jury back
to their room and instructed them to put their finding in different
form, setting out the amount they found in favor of the plaintiff,
and also instructed them if they found the plaintiff was entitled to
recover more than the amount tendered at the time of the tender,
then they could not find in favor of the tender. Plaintiff in error
contends that the finding was clear and certain, and alleges that the
action of the court above referred to was error. Plaintiff in error,
upon the trial of the case, pleaded and offered evidence that he
tendered to the defendant in error, before the suit was commenced,
$700 principal, and contended that, by reason of the house being
burned, this was the full amount due him. The findings above re-
ferred to are inconsistent, and their meaning uncertain. In order
for the finding in favor of the tender to be upheld, the amount of
the principal of the note would have to be reduced to the extent of
$300 by reason of the burning of the house, as the amount of prin-
cipal tendered was only $700. If the finding of $140 as the value
of the house is to be the amount deducted from the purchase-price,
of $1,000, the amount to be deducted would be less than the amount
to be deducted if the finding was in favor of the tender. The plain-
tiff in error contends that the finding by the jury in favor of the
tender meant that there was due the plaintiff only $700 principal,
and that $300 should be deducted from the $1,000 note, by reason
of the burning of the house, and that the other finding, that the
value of the house was $140, was surplusage. We can not agree
with this contention. But if the finding in favor of the tender be

treated as surplusage and the meaning of the jury should be construed to be that the note of $1,000 was to be credited with $140, the final verdict of the jury and the judgment rendered thereon did no substantial injury to the plaintiff in error; for if the $140 was credited on the note and a judgment rendered for the balance of the principal, interest, and attorney's fees, the amount of this judgment would be within a very small amount of the final judgment actually rendered, and the difference would now be more than met by the benefit received by the plaintiff in error from the defendant having renounced any interest on the amount of the judgment from the date of its rendition.

Why should either one of the findings be ignored in preference to the other? Both can not be given effect. They are utterly inconsistent with each other. *Hall* v. *Spivey*, 65 *Ga.* 693. To avoid the uncertainty as to what the jury meant, was it not proper for the court to have the jury retire and put their findings in a form that bore a certain meaning and had a certain effect? Moreover, this finding that the house was worth $140 does not cover the issue proper to be made in the case. *Phinizy* v. *Guernsey,* 111 *Ga.* 346 (36 S. E. 796, 50 L. R. A. 680, 78 Am. St. R. 207). Many of the authorities cited in the next division of this opinion support the ruling here made. We see no error in the court having the jury to retire and render another finding, nor in the instructions given them at the time, for any reason given in complaining of the action of the court.

2. After the jury had retired as set forth in the preceding division of this opinion, they returned with the following finding: "We, the jury, find for the plaintiff $941.30;" whereupon the attention of the court was called to the fact that he had not instructed the jury with reference to attorney's fees. The court then had the jury to retire again, instructing them that the plaintiff would be entitled to recover 10 per cent. attorney's fees on whatever amount they found in his favor, if they did not find in favor of the tender. Plaintiff in error contends that the court committed error in not receiving and having recorded, as the verdict of the jury, this finding, and in sending the jury back again with instructions. Under the admissions in the pleadings in this case, the defendant in error was entitled to recover 10 per cent. of principal and interest as attorney's fees, if the amount of prin-

cipal due him at the time of the tender was more than $700, the amount of principal tendered. The judge failed, in his charge, to instruct the jury in reference to such right of the defendant in error to recover attorney's fees. One of the issues made by the pleadings and evidence was whether or not the defendant in error was entitled to recover attorney's fees. It is uncertain whether attorney's fees were included in the finding, which was for one sum. Moreover, if the amount found by the jury included attorney's fees, it was proper that this amount should be separated from the amount of the principal. In the case of *McLendon* v. *Frost*, 57 *Ga.* 448, the jury returned a verdict for one gross sum. The jury stating to the court that the finding embraced principal and interest, the court instructed them that the principal and the interest should be separated. They retired and returned with a verdict for a certain sum as principal and a certain sum as interest. This action of the court below was said by this court not to be error. The case of *Western & A. R. Co.* v. *Brown,* 102 *Ga.* 13 (29 S. E. 130), involved a suit for an unliquidated demand arising ex delicto, and upon the trial of such a case the jury can not find a given amount for principal and an additional and separate amount as interest. In that case the jury rendered a verdict for a certain amount as principal and a certain amount as interest. Upon motion of counsel for plaintiff, the court permitted the two amounts to be consolidated into one sum, and the verdict was written accordingly; and this action of the court was held not to be error. Upon the subject of the right of the court to require a jury to retire and render another verdict when their verdict is uncertain or does not cover the issues in the case, see the following cases: *Collins* v. *Bullard,* 57 *Ga.* 333; *Turbaville* v. *State,* 58 *Ga.* 545; *Leonard* v. *Eagle & Phœnix Mfg. Co.,* 60 *Ga.* 544; *Hardin* v. *Johnston,* 58 *Ga.* 522; *Blalock* v. *Waldrup,* 84 *Ga.* 145 (10 S. E. 622); *Vance* v. *Roberts,* 86 *Ga.* 457 (12 S. E. 653); *Baker* v. *Thompson,* 89 *Ga.* 486 (15 S. E. 644); *Jordan* v. *Downs,* 118 *Ga.* 544 (45 S. E. 439) *Lee* v. *Humphries,* 124 *Ga.* 539 (52 S. E. 1007).

If the amount of the finding in the present case included attorney's fees, it was proper to have the jury separate such item from the principal and interest. If the amount of the finding did not include attorney's fees, it was proper to require the jury to find attorney's fees, as it necessarily followed, from the finding of the

jury, that the amount due at the time of the tender was more than the amount of the tender, and, for this reason, the defendant in error was entitled to recover attorney's fees, under the evidence, as a matter of law.

Where the meaning of a verdict is certain, and it is merely imperfect and informal, the court can put the verdict in proper form in conformity to the intention of the jury as expressed in the verdict. *Cothran* v. *Donaldson,* 49 *Ga.* 458; Civil Code, §§ 5110, 5111, 5332. But the court can not supply substantial omissions from the verdict. *Mayo* v. *Keaton,* 78 *Ga.* 125 (2 S. E. 687). And the court will, on motion for a new trial, set aside a verdict that does not cover all the material issues made by the pleadings and the proof submitted in support of them. *Tompkins* v. *Garmany,* 14 *Ga.* 118; *Lake* v. *Hardee,* 55 *Ga.* 667; *Abbott* v. *Roach,* 113 *Ga.* 511 (38 S. E. 955); Civil Code, § 5329. A verdict will likewise be set aside when it is so uncertain that it can not be executed. *Mitchell* v. *Printup,* 27 *Ga.* 469. Whenever a verdict is ambiguous and uncertain in its meaning, or does not cover a substantial issue made by the pleadings in the case upon which proof is offered, it is proper to have the jury retire again for the purpose of rendering another verdict, under proper instructions from the court. It is better to do this than to receive the verdict, which would probably have to be set aside on a motion for a new trial, resulting in the expense and trouble of another trial.

3. The plaintiff in error contends that the court erred in instructing the jury that the defendant in error would be entitled to recover 10 per cent. of principal and interest as attorney's fees, if they did not find in favor of the tender. His ground of objection to this charge is that as the plaintiff in error tendered to the defendant in error $700, and left in the hands of the clerk of the court this amount for the defendant in error, this should be credited on the note, and the defendant in error should recover attorney's fees only on the difference between this amount and the amount found to be due by the jury. The tender of $700 principal and interest thereon, made by the plaintiff in error to the defendant in error, was not sufficient to cover the amount due at the time, according to the finding of the jury, and such amount tendered and refused should not be treated as a payment on the note. Civil Code, § 3728; *Hiller* v. *Howell,* 74 *Ga.* 174. A tender, to·

be effectual, must be for the full amount due. The contract was an entire one, and the plaintiff in error had no right to require the defendant in error to accept partial payments, there being no provision in the contract giving the plaintiff in error the right to make any payments on the note less than the full amount due. An incomplete, and consequently ineffectual, tender can create no rights, and the position of the parties remains the same as if none had been made. Were the rule different, it would be in the power of a debtor to harass his creditor by forcing the acceptance of frequent payments on an indebtedness, no matter how insignificant might be the amounts tendered.

4. The plaintiff in error complains that the court committed error in allowing certain testimony offered by the defendant in error. In certifying this ground, the trial judge states that counsel for the plaintiff in error did not state what his objection was, or what part of the evidence he objected to, but when the evidence was offered the only thing he stated by way of objection was, "Your honor, I do not think that is admissible." When testimony is offered by one party and admitted, the opposite party can not complain that it was inadmissible unless he makes objection when it was offered and states the ground of such objection. *Andrews v. State,* 118 *Ga.* 1 (43 S. E. 852); *McFarland v. Darien & W. R. Co.,* 127 *Ga.* 97 (56 S. E. 74); *Harris v. Amoskeag Lumber Co.,* 97 *Ga.* 465 (25 S. E. 519).

5. The evidence was sufficient to warrant the verdict, and no good reason appears for setting aside the judgment of the court below, which is            *Affirmed. All the Justices concur.*