## LOWERY *v.* MORTON.

No. 15329. JANUARY 10, 1946.

*C. C. Crockett,* for plaintiff.  *R. M. Daley,* for defendant.

WYATT, Justice.  The Code, § 110-101, provides: "The verdict shall cover the issues made by the pleadings, and shall be for the plaintiff or defendant."

This court has held many times that it is not error for a trial judge not to receive an improper or imperfect verdict, and to cause the jury to retire and put their verdict in proper form.  See *Van Leonard* v. *Eagle & Phœnix Manufacturing Co.,* 60 *Ga.* 544; *Blalock* v. *Waldrup,* 84 *Ga.* 145 (10 S. E. 622, 20 Am. St. R. 350) ; *Vance* v. *Roberts,* 86 *Ga.* 457 (5), 463 (12 S. E. 653) ; *Baker* v. *Thompson,* 89 *Ga.* 486 (5) (15 S. E. 644) ; *Jordan* v. *Downs,* 118 *Ga.* 544 (2) (45 S. E. 439) ; *Lee* v. *Humphries,* 124 *Ga.* 539 (2) (52 S. E. 1007) ; *Seaboard Air-Line Railway* v. *Howe,* 139 *Ga.* 429 (2) (77 S. E. 387).  In *Smith* v. *Pilcher,* 130 *Ga.* 350, 355 (60 S. E. 1000), Mr. Justice Holden, speaking for the court and discussing the question now under consideration, said: "Whenever a verdict is ambiguous and uncertain in its meaning or does not cover a substantial issue made by the pleadings in the case upon which proof is offered, it is proper to have the jury retire again for the purpose of rendering another verdict, under proper instructions from the court.  It is better to do this than to receive the verdict, which would probably have to be set aside on a motion for a new trial, resulting in the expense and trouble of another trial."  In *Jordan* v. *Downs,* supra, Chief Justice Simmons, speaking for the court, said: "We think that it is not only the right but the duty of the trial judge, when a verdict as returned is ambiguous or indefinite, to call the attention of the jury to the faults of the verdict, ask them what they mean by the verdict or answers returned, and, upon ascertaining what is meant, to direct them to return to their room and correct the verdict so as to make it speak their meaning.  A judge has supervision of. the whole case, and is not merely a figurehead to sit by and see injustice done or to allow the reception of an ambiguous and indefinite verdict which is likely to give rise to more litigation or to result in another long and weary trial."

We think the language above quoted applicable to the instant case.  The jury had one question, and one only, submitted to them—title to the property in controversy.  The verdict first returned undertook to decide and determine questions which had

not been submitted to the jury, to wit, liability for taxes on the property for a period of thirteen years, and the adjudication of monetary claims as between the parties. We are not called upon in this case to determine whether or not the first verdict returned was a valid verdict. When it is determined that the verdict was ambiguous, uncertain, or did not cover the issues in the case, that is as far as the inquiry need go, for the reason that when this is made to appear, it is not error for the trial judge to require the jury to return to their room, under proper instructions, and make their verdict certain. Especially is this true when it appears, as it does here, that the complaining party made no objection at the time the judge declined to accept the verdict and sent the jury back to their room for further deliberation.

We conclude that there was no error in the action of the trial judge. *Judgment affirmed. All the Justices concur.*