## 27052. WILDER v. WILDER.

Jordan, Justice. In this divorce action the defendant complains on appeal that the trial judge erred in remanding the jury to make a specific finding with reference to a lump sum award of land for alimony.

At the close of the evidence the judge instructed the jury to determine the answers to the questions he submitted, and to make an oral report, from which he would have counsel prepare a written verdict consistent with the answers, to be signed by the foreman. Counsel voiced no objection to this procedure.

When the jury returned the trial judge ascertained the verdict with respect to alimony as follows: "We find in favor of the plaintiff, half of the home place land, and half of the cash assets as described in the petition, to be awarded in one lump sum with reasonable attorney fees."

After some colloquy between the court and the foreman of the jury, the court sent the jury back to the jury room with instructions to make a verdict with sufficient particularity as to the land and as to a sum certain. Upon further deliberation the jury returned and with the following verdict: "In that case we have awarded in favor of the plaintiff and we have awarded that land described in Deed Book Z, page 479, and Deed Book 35, page 289, also a cash award of $10,000 to be paid in one lump sum."

There is no merit in the contentions of the defendant "that the first verdict, in form, should have stood insofar as it related to the real estate and that it was not within the province of the court to return the jury to the jury room for further deliberation and further findings as to the real estate."

While it could be argued that the first report of the foreman could have been interpreted and given a reasonable intendment by the trial judge as meaning an undivided one-half interest in the land, this interpretation was not suggested at the trial, nor is it suggested here. Absent the suggested interpretation, the first report of the foreman in respect to the division of the real estate is vague, indefinite, and uncertain. "This court has held many times that it is not error for a trial judge not to receive an improper or imperfect verdict, and to cause the jury to retire and put their verdict in proper form." *Lowery v. Morton,* 200 Ga. 227, 229 (36 SE2d 661), and numerous cases there cited. Further, as noted in the same opinion (p. 230), it is the responsibility of the complaining party to object to the procedure at the time the trial judge makes the decision to require the jury to return to the jury room, and the transcript here does not show that

104

the defendant made any complaint at that time. Instead, he first complained in an amendment to his motion for new trial.

"We think that it is not only the right but the duty of the trial judge, when a verdict as returned is ambiguous or indefinite, to call the attention of the jury to the faults of the verdict, ask them what they mean by the verdict and answers returned, and, upon ascertaining what is meant, to direct them to return to their room and correct the verdict so as to make it speak their meaning. A judge has supervision of the whole case, and is not merely a figurehead to sit by and see injustice done or to allow the reception of an ambiguous and indefinite verdict which is likely to give rise to more litigation or to result in another long and weary trial." *Jordan v. Downs*, 118 Ga. 544, 546 (45 SE 439).

*Judgment affirmed. All the Justices concur.*
ARGUED MARCH 13, 1972—DECIDED MAY 3, 1972.

*Culpepper & Culpepper, Sampson M. Culpepper*, for appellant.

*John C. Scarborough, Jr.*, for appellee.