## 61788. COLLEY et al. v. DILLON.

BANKE, Judge.

This is an appeal from a judgment in favor of the plaintiff in a land-line dispute action. The case is in this court pursuant to transfer by the Supreme Court, *Colley v. Dillon,* 247 Ga. 4 (273 SE2d 606) (1981), where it was originally filed.

The original complaint named Mrs. E. P. Colley and her son Gene Colley as defendants. The style of the case was amended before trial to name Mrs. Colley "individually and as administrator of the estate of E. P. Colley." The defendants both in their motion for new trial and in their appeal to this court failed to designate Mrs. Colley as administrator of the estate of E. P. Colley. The plaintiff has moved to dismiss the appeal for this reason. *Held:*

1. The motion to dismiss is denied. "No appeal should be dismissed or its validity affected for any cause or consideration of any enumerated error refused except for: (1) Failure to file notice of appeal within the time required . . .; (2) Where the decision or judgment is not then appealable; or (3) Where the questions presented have become moot." Code Ann. § 6-809 (b). The notice of appeal was timely filed, was from an appealable judgment, and the questions presented are not moot. Mrs. Colley was a party below in her individual capacity as well as in her capacity as administrator, and she is thus entitled to appeal in her individual capacity. "When there shall be more than one party plaintiff or defendant, and one or more . . . plaintiff or defendant desires to appeal, and the others refuse or fail to appeal, such party . . . may enter an appeal under such rules and regulations as are provided in this code." Code Ann. § 6-110. See also Code Ann. §§ 6-111 and 6-811. The appeal is properly before us.

2. Plaintiff contended in his complaint that defendants erected a fence which dispossessed him of a portion of his land. The issue as set forth in the pre-trial order concerned the designation of the true

boundary line between the respective parcels of land and was set forth by the trial court in the following language: "On the pre-trial hearing each side exhibited surveys of the lines as contended by the respective parties; the court will submit to the jury the issue for determination according to one or the other of the plats . . ."

The defendants enumerate as error the following charge: "In cases such as this each party asserting a positive position such as a specific boundary has the burden of proving that specific boundary as contended for by a preponderance of the evidence. If the plaintiff is to prevail, the plaintiff must prevail on the strength of the plaintiff's evidence and cannot prevail merely on the weakness of the defendant's evidence. Likewise as to the line contended for by the defendants, if the defendants are to prevail as to their contended specific boundary the defendants must prevail on the strength of the defendants' evidence and cannot prevail merely on the weakness of the plaintiff's evidence." The defendants contend that the quoted charge is impermissibly burden shifting.

"The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential . . ." Code Ann. § 38-103. The posture of the defendants' case, as set forth in the pre-trial order, involved more than a denial of the plaintiff's right to prevail. The defendants also affirmatively sought to prove a line favorable to them. Their line was presented to the jury on equal terms with that of the plaintiff. Under the circumstances, "it was incumbent upon them to establish their right [to prevail] in the same manner as it was incumbent upon the plaintiff to establish his contentions." *American Associated Cos. v. Vaughan,* 213 Ga. 119 (4) (97 SE2d 144) (1957). The pre-trial agreement and order in the case before us distinguishes *Wooten v. Morris,* 175 Ga. 290 (3) (165 SE 626) (1932) and *Metropolitan Publishers Representatives v. Arnsdorff,* 153 Ga. App. 877 (1) (267 SE2d 260) (1980), relied upon by appellant.

3. After some deliberation, the jury returned with a verdict for the defendants "with the provision that the [plaintiff] be allowed to retain access to his property on the river." Defendants enumerate as error the refusal of the trial court to accept this verdict and his further instruction to the jury to delete this language from their verdict and then to consider whether to return a verdict for the defendants or for the plaintiff. "[I]t is not error for a trial judge not to receive an improper or imperfect verdict, and to cause the jury to retire and put their verdict in proper form." *Lowery v. Morton,* 200 Ga. 227, 229 (36 SE2d 661) (1946). "Whenever a verdict is ambiguous and uncertain in its meaning, or does not cover a substantial issue made by the pleadings in the case upon which proof is offered, it is proper to have

the jury retire again for the purpose of rendering another verdict, under proper instructions from the court. It is better to do this than to receive the verdict, which would probably have to be set aside on motion for a new trial, resulting in the expense and trouble of another trial." *Smith v. Pilcher,* 130 Ga. 350, 355 (60 SE 1000) (1908). The jury's initial verdict, representing an alternative not presented to them was properly rejected by the trial court. Furthermore, "it is the responsibility of the complaining party to object to the procedure at the time the trial judge makes the decision to require the jury to return to the jury room . . ." *Wilder v. Wilder,* 229 Ga. 102, 103 (189 SE2d 695) (1972). Counsel for defendants indicated at the conclusion of the charge now complained of that he had no objection.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 30, 1981.

*Joe K. Telford,* for appellants.
*Kenneth R. Keene,* for appellee.