*District Attorney*, for appellee.

72390. WHITE v. ARCHER DANIELS MIDLAND COMPANY.
(350 SE2d 788)

BENHAM, Judge.

Appellee, a seller of agricultural supplies, sued appellant to recover amounts owed on appellant's account. Appellant claimed that he was not liable for the purchases because all but one were made by Sammie Wilson, for Wilson's personal use. Wilson occasionally worked as a hired hand for appellant, but appellant claimed that he had not given Wilson any authority to make purchases for him. A jury found in appellee's favor, and appellant appeals the judgment against him. We affirm.

1. Appellant attached to his answer an ex parte affidavit from Sammie L. Wilson. Wilson's affidavit stated that he purchased certain farm supplies from appellee to use for his own farming operation, and at the time of purchase he informed appellee's agent that the items were to be charged to Wilson and not appellant. Appellant claims the trial court erred in excluding the affidavit at trial. We disagree. "It is well-settled in this state that except in summary judgment proceedings ex parte affidavits are inadmissible because they deny the adverse party his constitutional right of cross-examination." *In re C. C. B.*, 164 Ga. App. 3 (2) (296 SE2d 198) (1982).

2. Appellant's second, third, and fourth enumerations challenge various portions of the trial court's jury charge. However, appellant waived his right to assert error on appeal by not objecting to the particular charges before the return of the verdict. OCGA § 5-5-24; *Dept. of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541 (2) (309 SE2d 816) (1983).

3. The trial court included in its jury charge the principle that "when one of two innocent parties must suffer from the wrongful act of another, the loss should fall upon the person who, by his conduct, created the circumstances which enabled the party performing the wrongful act to cause the loss." Appellant contends that this portion of the charge was erroneous since there was no evidence to indicate that he created any circumstances which enabled Sammie Wilson to obtain goods from appellee. The record indicates that invoices signed by Wilson for goods he ordered were sent to appellant shortly after the orders were placed, and appellant did not challenge those invoices or Wilson's authority to purchase materials on appellant's account when he received the invoices. Such evidence was sufficient to justify the jury charge. See *Jackson v. Miles*, 126 Ga. App. 320 (1) (190 SE2d 565) (1972). See also *Commercial Credit Corp. v. Noles*, 85 Ga. App.

392 (69 SE2d 309) (1952).

4. The trial court instructed the jurors not to begin their deliberations until they were given the complaint, answer, and exhibits admitted into evidence. The trial court later recalled the jurors to inform them that it was not going to give them the complaint and answer. Appellant cites this charge as error because his answer had the Wilson affidavit attached to it. For the reason stated in Division 1 of this opinion, the trial court correctly kept the affidavit from the jury. Since the answer stated the substance of the affidavit, it was also properly excluded.

5. When the jurors first announced that they had reached a verdict, the verdict was published as follows: "We, the jury, find in favor of [appellee] for full principal and full interest to be paid by Forris E. White." The court then instructed the jury foreperson that the jury is required to make a specific finding as to dollar amounts for the plaintiff for principal and interest if that is the jury's finding and that the correctness of the figures is the jury's responsibility and not the court's. He then pointed out that the exhibits admitted at trial contained two amounts claimed by appellee on the open accounts, stated those amounts, and said, "I am saying that because that would apparently be the figures you refer to in your verdict, but I am going to require the jury to state the specific amounts that you find rather than the amount claimed by the plaintiff, and that would, in effect, place upon you the responsibility of finding those figures claimed by the plaintiff to be correct. If for some reason you find them incorrect, or if you find against those amounts, then, of course, you would correct those amounts." The trial court went on to tell the jury to state specifically the number of dollars it finds for the plaintiff for principal and the number of dollars it finds for interest. Appellant objected to the recharge because the trial court gave the jury the principal and interest figures that had been presented into evidence.

We find no error in the trial court's actions. It is the duty of a trial judge not to receive an indefinite, imperfect or ambiguous verdict, and to cause the jury to retire and put their verdict in proper form after proper instructions from the court. *Lowery v. Morton*, 200 Ga. 227, 229 (36 SE2d 661) (1946). Accord *Colley v. Dillon*, 158 Ga. App. 416 (3) (280 SE2d 425) (1981); OCGA § 9-12-1. The trial judge properly instructed the jury that it was their responsibility to determine the correct figures, and the jury discharged its responsibility by rendering an unambiguous verdict in proper form. Appellant's enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 30, 1986 —
REHEARING DENIED NOVEMBER 17, 1986

*Rembert C. Cravey*, for appellant.
*Richard T. Fulton*, for appellee.