A89A0885. NEIMAN-MARCUS v. GAMMAGE.
(382 SE2d 208)

McMURRAY, Presiding Judge.

Plaintiff Neiman-Marcus filed this action on an account against defendant Gammage. Plaintiff sought a judgment in excess of $10,000 based on the initial purchase price for a fur coat of $8,925, plus interest on the account.

The sale of the fur coat on approval was acknowledged by both parties. The defendant presented evidence that, beginning soon after the sale, he had repeatedly attempted to return to plaintiff the fur coat in the same condition as when he had received it, but that plaintiff had refused to take the coat back. A demand for payment and refusal were also established. The jury was presented with the issue of whether any valid offer of return was timely and reasonably made, and instructed as to two possible verdicts.

The jury returned a verdict in favor of plaintiff in the amount of $4,000 principal and one dollar interest. Whereupon, following a bench conference with counsel, the trial court instructed the jury that "you are not authorized to reach a compromise verdict as you have obviously done. You either have to find in the full amount of the purchase price, which is undisputed, you may or may not find interest however . . . or you could find for the defendant . . ." Following the reinstruction the jury resumed their deliberations and subsequently returned a verdict in favor of defendant.

Plaintiff appeals from the judgment in favor of defendant. In its sole enumeration of error, plaintiff contends the trial court erred in refusing to enter judgment upon the verdict initially published by the jury which found in favor of plaintiff. *Held*:

A party cannot ignore during trial that which he considers to be an injustice during trial of the case in hopes of obtaining a favorable verdict and then enumerate that alleged injustice as error on appeal when the verdict proves to be adverse to him. *Kelley v. Austell Bldg. Supply*, 164 Ga. App. 322, 323 (1), 324 (297 SE2d 292); *Simmons v. Edge*, 155 Ga. App. 6, 7 (2), 8 (270 SE2d 457); *Long County Bd. of Education v. Owen*, 150 Ga. App. 245, 247 (1) (257 SE2d 212). Since the issue plaintiff now enumerates as error was raised for the first time on motion for new trial, nothing is presented for review by this court. *McKeighan v. Long*, 154 Ga. App. 171, 173 (268 SE2d 674); *Keno v. Alside, Inc.*, 148 Ga. App. 549, 551 (3) (251 SE2d 793). " '[I]t is not error for a trial judge not to receive an improper or imperfect verdict, and to cause the jury to retire and put their verdict in proper form.' *Lowery v. Morton*, 200 Ga. 227, 229 (36 SE2d 661), and numerous cases there cited. Further, as noted in the same opinion (p. 230), *it is the responsibility of the complaining party to object to the procedure at the time the trial judge makes the decision to require the jury to return to the jury room . . .*" (Emphasis supplied.) *Wilder v. Wilder*, 229 Ga. 102, 103 (189 SE2d 695).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED MAY 9, 1989.

*Jones, Morrison & Womack, Lewis N. Jones*, for appellant.
*Gammon & Anderson, Joseph N. Anderson, Sara Nell Langford*, for appellee.