A90A1260. PARKS v. HOWARD et al.
(398 SE2d 308)

BIRDSONG, Judge.

This appeal arises from litigation over the discovery of termites and termite damage in a recently purchased home. Howard, the purchaser, and his wife, Virginia, sued Parks, the seller, and Danny L. Smith, individually and d/b/a White Oak Exterminating Company (collectively "White Oak") for fraud seeking general and punitive damages and rescission. Parks appeals from the judgment of the trial court against both defendants awarding the Howards $20,000 in general damages and $5,000 in litigation expenses. White Oak is not a party to the appeal.

Pursuant to a real estate sales contract executed in January 1987, Parks agreed to sell the house in question to Howard. After execution of the contract and before the closing, Howard and others on his behalf looked at the house and apparently discovered no evidence of termite damage. The sales contract provided for, and at the closing in April 1987, Howard was presented, an Official Georgia Wood Infestation Inspection Report.

This report from White Oak showed that the house had no visible evidence of active infestations, that there was visible evidence that there had been earlier infestations by subterranean termites and powder post beetles, but there was no visible evidence of damage. At closing the parties discussed the report and whether the previous termite damage had been repaired. Howard concluded, based upon these discussions, that any damage had been repaired and proceeded to close the sale.

Shortly after the closing, Howard gave a deed to the house to

"Virginia E. Howard, as joint tenant with rights of survivorship," and then months later gave another deed to "Jesse Couch Howard, Jr., and Virginia E. Howard, as joint tenants with right of survivorship." Although Virginia E. Howard is Jesse C. Howard's wife, Parks denies that he knew that Virginia E. Howard would own any interest in the house since she did not attend the closing and was not listed on any of the closing documents.

Parks and White Oak filed two motions for summary judgment which were denied. The first motion contended that because of the first deed, Jesse Howard could not maintain the action because he had transferred his entire interest in the property to Virginia, and Virginia could not maintain the action because she was without privity to the contract. The second motion for summary judgment contended that Parks and Howard were entitled to judgment as a matter of law because the Howards could not establish the elements of fraud, particularly scienter and justifiable reliance.

Following a trial in which the jury was permitted to view the house, the verdict was returned upon which judgment was later granted. Parks appeals, contending that the trial court erred by denying both motions for summary judgment, by denying his motion for a directed verdict and his motion for judgment n.o.v. He also contends that the trial court erred by permitting the jury to view the house since it had changed substantially. *Held*:

1. Howard's motion to dismiss this appeal because Parks' brief and enumeration of error were filed one day late is denied. OCGA § 5-6-48 (b).

2. We cannot consider Parks' contentions that the trial court erred in denying his motions for summary judgment "because after verdict and judgment, it is too late to review a judgment denying a summary judgment, for that judgment becomes moot when the court reviews the evidence upon the trial of the case." (Punctuation and citation omitted.) *Brown Realty Assoc. v. Thomas*, 193 Ga. App. 847 (389 SE2d 505).

3. Parks also contends that the trial court erred by permitting the jury to view the house because there had been substantial changes in the condition of the house since the house was sold and since the termites and termite damage were discovered. We find no error. The view of the scene was not itself evidence, but was to assist the jury in understanding evidence previously introduced. Further, the trial court properly charged the jury on the purpose of the view and the fact that the scene had changed. Therefore, the fact that the view did not reveal the house as it was two years earlier was not significant. Moreover, the decision to allow a jury to view a scene is discretionary with the trial court (see *Sutton v. State*, 237 Ga. 418, 419 (228 SE2d 815); *State Hwy. Dept. v. Andrus*, 212 Ga. 737 (95 SE2d 781)), and

under the facts of this case, the trial court did not abuse its discretion in permitting the view. Thus, this enumeration of error is without merit.

4. Parks also contends that the trial court erred by denying his motion for a directed verdict and motion for judgment n.o.v. because he contends that the Howards failed to prove the essential elements of actionable fraud, particularly that Parks knew the house was infested with termites and that Howard justifiably relied upon Parks' representation. See *Hester v. Wilson*, 117 Ga. App. 435, 438 (160 SE2d 859).

"In determining whether the trial court erred by denying [appellant's] motions for a directed verdict and motion for judgment n.o.v., this court must view and resolve the evidence and any doubt or ambiguity in favor of the verdict. *Union Camp Corp. v. Daley*, 188 Ga. App. 756 (1) (374 SE2d 329). 'A directed verdict (and judgment n.o.v.) is not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom *demands* a certain verdict. OCGA § 9-11-50 (a) (b).' Id." (Indention omitted.) *Southern Store &c. Co. v. Maddox*, 195 Ga. App. 2, 3 (392 SE2d 268). Viewed in that manner, we cannot agree with Parks' allegations that his motions were erroneously denied.

Although Parks lived in the house for several years and acted as his own general contractor in remodeling the house, he contends that there was no evidence he had actual knowledge that the house was infested with termites and he contends that Howard could have discovered the termites between the signing of the contract to sell the house and the closing if he had exercised reasonable diligence. See *Webb v. Rushing*, 194 Ga. App. 732, 733 (391 SE2d 709). These arguments, however, are misplaced in this appeal. The record shows that the sales contract called for an inspection of the property for termites and receipt of the usual official infestation inspection report. Under these circumstances and in the absence of some other evidence indicating the need for an inspection, we hesitate to impose a duty upon purchasers to conduct independent termite inspections prior to closing.

Further, while we agree that the evidence that Parks had actual knowledge the house was infested with termites is far from overwhelming, under the other evidence in this case, such evidence is not required. Howard's testimony that, at the closing after seeing the White Oak inspection report showing that there had been prior infestations of termites and powder post beetles, he asked whether there was any damage and whether it had been *repaired* and Parks replied that it had been, obviates the need for evidence that Parks knew of and concealed the termite infestation. Whether Parks knew of the ac-

tual existence of termites, it is beyond dispute that he knew the prior termite damage had not been *repaired,* and he was not authorized to conceal the fact that the damage had not been repaired. See *Wilhite v. Mays,* 140 Ga. App. 816, 817 (232 SE2d 141), affd. 239 Ga. 31 (235 SE2d 532). Indeed, "concealment of material facts may amount to fraud when *direct inquiry* is made and the truth evaded." (Citation and punctuation omitted.) *Southern Store &c. Co. v. Maddox,* supra; see also OCGA § 51-6-2 (a) and (b). Further, while Parks denies that he said that the damages had been repaired, this merely presents a jury issue and the jury was not bound to accept his testimony over Howard's.

Although Parks also contends that even if he said the damage had been repaired, Howard was unjustified in relying on his statement. "Questions of fraud, the truth and materiality of representations made by a seller, and whether the buyer could have protected himself by the exercise of proper diligence are, except in plain and indisputable cases, questions for the jury." (Citations and punctuation omitted.) *del Mazo v. Sanchez,* 186 Ga. App. 120, 127-128 (366 SE2d 333). With evidence that the inspection report showed no visual damage and Parks represented the damage had been repaired, we cannot say that the evidence was plain and indisputable that Howard failed to exercise diligence by not stopping the closing and securing another inspection report. See *Fincher v. Bergeron,* 193 Ga. App. 256, 259 (387 SE2d 371).

Since there is evidence supporting the verdict, the trial court did not err by denying Parks' motions. See *Miller v. Economy Trading &c.,* 193 Ga. app. 344, 345-346 (387 SE2d 620). Accordingly, this enumeration of error is also without merit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 29, 1990.

*Sanders, Mottola, Haugen & Mann, A. Mitchell Powell, Jr.,* for appellant.

*Wood, Odom & Edge, Gina Thomas, Gary W. Brown,* for appellees.

