A93A1557. LeBROOK, INC. v. JEFFERSON et al.
(437 SE2d 360)

BLACKBURN, Judge.

The appellees, Cheryl and Gerald Jefferson, brought the instant action for damages against LeBrook, Inc., the appellant, and Calvert Lee Bruker, the president and sole shareholder of the corporation, based upon negligence, fraud, and breach of an express warranty. At trial, after the close of evidence, both Bruker and LeBrook moved for directed verdicts. The trial court denied both motions.

The jury subsequently returned a verdict in favor of the Jeffersons on all counts. Based upon an election made by the Jeffersons pursuant to OCGA § 9-2-4, the trial court entered a judgment against LeBrook only on the breach of warranty claim, awarding the Jeffersons $4,225 in damages and $6,000 in attorney fees. This appeal follows the trial court's subsequent denial of LeBrook's alternative motion for a judgment notwithstanding the jury's verdict or new trial.

The Jeffersons initially executed a contract with LeBrook on January 13, 1990, for the purchase of a newly-constructed home. However, the home was not built according to specifications approved by the Veterans Administration, and as a result, a builders warranty and commercial warranty were required by the lender. The Jeffersons contemplated rescinding the contract but were assured by Bruker that he could provide the required warranties. An amended contract was executed between the parties on March 6, 1990, wherein Bruker represented that he would provide a one-year warranty on workmanship, a two-year warranty on the home's systems, and ten-year warranty on the home's structure.

Based upon the assurances made by Bruker, the Jeffersons purchased the home on March 8, 1990, and at that time, an application was completed for coverage with a commercial warrantor. It is undisputed that the application was completed by Bruker's brother as the builder of the home because LeBrook was not registered with a homebuyers' warranty corporation, a requirement for participation in the commercial warranty program. Neither the application nor the enrollment fee was forwarded to the warrantor, and consequently, the

property was not enrolled under the commercial warranty program.[1]

Approximately two months after closing, the Jeffersons discovered water in the crawl space underneath their home, and Bruker was notified of the defective condition. In August 1991, after the expiration of LeBrook's one-year warranty on workmanship, Bruker's sole attempt to eliminate the water accumulation failed. Thereafter, this action ensued.

1. LeBrook initially asserts that the trial court erred in admitting testimony as to the reasonable value of attorney fees, and in instructing the jury on this issue. Specifically, LeBrook maintains the Jeffersons' failure to comply with the written requirements of the one-year warranty on workmanship and the conflicts in the expert testimony as to the cause of the defective condition presents a bona fide controversy which bars recovery. We disagree.

"[Attorney] fees and expenses are generally not allowed [under OCGA § 13-6-11] unless the defendant has acted in bad faith, been stubbornly litigious, or caused unnecessary trouble and expense, in which case the jury may allow them." *Gwinnett County Bd. of Tax Assessors v. Network Publications*, 208 Ga. App. 15, 18 (429 SE2d 696) (1993). Cf. *Williams Tile &c. Co. v. Ra-Lin & Assoc.*, 206 Ga. App. 750 (426 SE2d 598) (1992). However, it is only necessary to show the existence of one of these statutory conditions in order to authorize such an award. *Fine & Block v. Evans*, 201 Ga. App. 294 (411 SE2d 73) (1991). The question of attorney fees under this section is one for the jury, and will be upheld on appeal if there is any evidence to support it. *Spring Lake &c. Assn. v. Peacock*, 260 Ga. 80 (390 SE2d 31) (1990). See also *Mays v. Lampkin*, 207 Ga. App. 739 (2) (429 SE2d 113) (1993).

Considering the totality of the circumstances in the case sub judice, particularly Bruker's single attempt to repair the defect after the expiration of the warranty, we conclude that there is evidence to support the jury's finding that LeBrook, through its agent, Bruker, acted in bad faith. Accordingly, enumerations 1 and 2 are without merit.

2. We reject the corporation's argument that the trial court erred in instructing the jury on the issues of fraud, deceit, and misrepresentation. The evidence produced at trial shows that Bruker made false representations to the Jeffersons on his ability to obtain a commercial warranty in order to induce them to execute the amended contract. The Jeffersons justifiably relied on the representations to their detriment and sustained a financial loss. *Castellana v. Conyers Toyota*,

---

[1] LeBrook forwarded payment to the commercial warrantor on February 7, 1992, and the commercial warranty was issued on February 14, 1992.

200 Ga. App. 161 (407 SE2d 64) (1991). As we stated in Lingo v. Brasington, 202 Ga. App. 813, 814 (415 SE2d 534) (1992), " '[w]here there is evidence . . . upon a particular point, it is not error for the court to charge the law in relation to that issue. (Cit.)' [Cit.]"

3. In its third enumeration of error, LeBrook argues that the trial court erred in instructing the jury on the issue of contract for work or services. However, this charge was given in light of the duty placed upon LeBrook to construct the Jeffersons' home in a skillful and workmanlike manner, and based upon the Jeffersons' third count of negligent construction. LeBrook has conceded that the Jeffersons' negligent construction claim is supported by the evidence. Considering the jury instructions as a whole on the issue, we cannot say that the trial court erred in so instructing the jury. See Holmes v. State, 205 Ga. App. 168 (421 SE2d 311) (1992).

4. LeBrook further maintains that a directed verdict or in the alternative, a judgment n.o.v. was warranted on the fraud and breach of warranty claims. However, "[a] directed verdict and judgment n.o.v. is not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom demands a certain verdict." (Citations and punctuation omitted.) Parks v. Howard, 197 Ga. App. 405, 407 (4) (398 SE2d 308) (1990). In view of our holding in Division 2 above, we find that the trial court did not err in denying LeBrook's motions for directed verdict and motion for judgment n.o.v. Accordingly, LeBrook's fifth enumeration is without merit.

5. We reject LeBrook's assertion that a new trial was warranted based upon the trial court's rejection of the jury's initial verdict. As we stated in Neiman-Marcus v. Gammage, 191 Ga. App. 510, 511 (382 SE2d 208) (1989), "[i]t is not error for a trial judge not to receive an improper or imperfect verdict, and to cause the jury to retire and put their verdict in proper form." (Citations and punctuation omitted.) In addition, the trial court did not abuse its discretion in denying LeBrook's motion for a new trial based upon the issues addressed in this appeal. See Mansfield v. Pizza Hut, 202 Ga. App. 601 (415 SE2d 51) (1992).

Judgment affirmed. McMurray, P. J., and Johnson, J., concur.

DECIDED OCTOBER 26, 1993.

Johnston, Wilkin & Williams, William J. Williams, for appellant.

Dunstan, Dunstan & Cleary, James R. Dunstan, for appellees.