A11A0459. KITCHIN et al. v. REIDELBERGER et al.
(714 SE2d 361)

PHIPPS, Presiding Judge.

In May 2007, a hill on property owned by Roger Reidelberger collapsed during construction of a retaining wall by Andy Strange Grading, Inc. The owners of adjacent property, Thomas and Deborah Kitchin, brought an action against Reidelberger and Andy Strange Grading asserting claims for negligence, trespass, and nuisance in connection with the collapse. Reidelberger counterclaimed for trespass and nuisance. A jury found in favor of Reidelberger and Andy Strange Grading on the Kitchins' claims, and awarded Reidelberger compensatory damages, punitive damages, and attorney fees on his counterclaim. The trial court entered judgment on this verdict and denied the Kitchins' motion for new trial.

On appeal, the Kitchins enumerate as error the following rulings of the trial court: the court's decision to allow Reidelberger to testify as an expert witness; the court's charge to the jury on damages; and the court's decision to allow the jury, after it had returned a verdict, to reconsider whether to award punitive damages to Reidelberger. For the following reasons, we affirm.

1. The Kitchins contend that the court erred in allowing Reidel-

---

136

berger to testify as an expert witness regarding excavation. At trial, they objected to the court's ruling on the ground that Reidelberger had limited excavation experience and had not worked in that business for 20 years. On appeal, the Kitchins contend only that they did not receive sufficient notice of Reidelberger's intent to offer himself as an expert, such that they could challenge his qualifications under OCGA § 24-9-67.1. Because the Kitchins did not object at trial on that ground, any claim of error based thereon has been waived.[1]

2. The Kitchins argue that the court erred by charging the jury:

I charge you a nuisance may damage a landowner. Where the nuisance is permanent and non-abatable, the measure of damages is the diminution in value of the land; however, if the nuisance or trespass can be abated, the cost to restore the premises to the pre-damaged condition is a more equitable measure of damages and may be used rather than the diminution in the market value. Where a nuisance is abatable which deprives the owner of use of his land, he can recover the diminution of the rental value of the land.

The Kitchins' counsel objected to this language during the charge conference but did not object to it after the charge was given to the jury or at any other time before the jury returned its verdict. The Kitchins thus may not complain on appeal of the damages charge.[2] And although the Kitchins argue that the charge was confusing, the charge accurately set forth the types of damages that could be awarded in a nuisance action;[3] to the extent there was any error in the cited charge, it was not so harmful as to be reversible in the absence of an objection.[4]

3. The Kitchins assert in their brief that the court allowed the jury "to reconsider punitive damages after the jury had rendered a verdict finding that punitive damages were not proven by clear and convincing evidence, and then with no further evidence being presented to the jury, render[ ] an inconsistent verdict awarding punitive damages." They contend that this was error.

---

[1] See *Francis v. Francis*, 279 Ga. 248, 249 (611 SE2d 45) (2005) (objecting on specific grounds at trial waives the grounds not asserted).

[2] See OCGA § 5-5-24 (a); *Sims v. GT Architecture Contractors Corp.*, 292 Ga. App. 94, 97 (2) (663 SE2d 797) (2008) (regarding a claim that the trial court gave an erroneous jury instruction, "an objection made at a charge conference before the charge is given does not preserve a charging issue for appellate review") (punctuation and footnote omitted); see also *Thompson v. Princell*, 304 Ga. App. 256, 261 (b) (696 SE2d 91) (2010).

[3] See *City of Gainesville v. Waters*, 258 Ga. App. 555, 557 (2) (574 SE2d 638) (2002).

[4] See OCGA § 5-5-24 (c).

The jury initially returned a verdict that did not award punitive damages, but the trial court did not accept that verdict because it awarded attorney fees to Andy Strange Grading although that party had not sought such an award, and because it awarded certain damages to Reidelberger based on a determination that the Kitchins were obligated to abate the nuisance, a question that the parties had stipulated was a question for the court. The court directed the jury to recommence its deliberations and instructed the jury that, in doing so, it was "authorized to reconsider the verdict in its entirety, including punitive damages." The jury subsequently returned a verdict that included an award of punitive damages to Reidelberger.

"[I]t is not error for a trial judge not to receive an improper or imperfect verdict, and to cause the jury to retire and put their verdict in proper form."[5] If a judge is not satisfied that a verdict as returned is proper, before receiving the verdict he or she may require the jury to recommence deliberations and correct its verdict under proper instructions from the court.[6]

Here, after the jury reached its initial verdict, the parties agreed that the court should direct the jury to recommence deliberations. The Kitchins did not object when the court thereafter instructed the jury regarding further deliberations. Only after the jury returned the subsequent verdict, which awarded punitive damages, did the Kitchins' counsel state that he took "exception to pretty much everything that's happened to this point."

"[I]t is the responsibility of the complaining party to object to the procedure at the time the trial judge makes the decision to require the jury to return to the jury room."[7] Under these circumstances, this claim of error provides no basis for reversal. The fact that the court instructed the jury that it could change its verdict regarding punitive damages, and the fact that the jury changed its verdict, do not require a different result.[8]

4. In the argument portion of their appellate brief, the Kitchins complain of rulings by the trial court other than those enumerated as error. An appealing party, however, may not use its brief to expand its enumerations of error by arguing the incorrectness of a trial court ruling not mentioned in the enumerations of error.[9]

---

[5] *LeBrook, Inc. v. Jefferson*, 210 Ga. App. 650, 652 (5) (437 SE2d 360) (1993) (citation and punctuation omitted); see *Lowery v. Morton*, 200 Ga. 227, 229 (36 SE2d 661) (1946).

[6] See *Ballard v. Turner*, 147 Ga. App. 584, 586 (3) (249 SE2d 637) (1978); see also *Biggers v. Biggers*, 250 Ga. 248, 251 (2) (297 SE2d 257) (1982).

[7] *Wilder v. Wilder*, 229 Ga. 102, 103-104 (189 SE2d 695) (1972); see *Neiman-Marcus v. Gammage*, 191 Ga. App. 510, 511 (382 SE2d 208) (1989).

[8] See generally *Neiman-Marcus*, supra at 510-511.

[9] *Felix v. State*, 271 Ga. 534, 539, n. 6 (523 SE2d 1) (1999).

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED JULY 7, 2011 —
RECONSIDERATION DENIED JULY 25, 2011 —

*Douglas R. Daum*, for appellants.
*Michael J. Anderson*, for appellees.